## BIGE LEE v. THE STATE.

### No. 1949. Decided February 28, 1900.

**1. Aggravated and Simple Assault—Verdict.**

Where a party is prosecuted for aggravated assault, and that offense, as well as the lesser degree of simple assault, is submitted to the jury, the verdict should, in case of conviction, specify the grade of offense, and if the jury determines to convict of simple assault they should so specify in the verdict.

**2. Same—Uncertain Verdict.**

Where a party is charged with aggravated assault and the court submits both aggravated and the lesser degree of simple assault, and the verdict is a general one imposing a fine of $25 which is the minimum for aggravated and the maximum punishment for simple assault, such verdict is too uncertain to support a judgment, and should be set aside.

APPEAL from the County Court of Erath. Tried below before Hon. L. N. FRANK, County Judge.

The information charged appellant with an aggravated assault upon W. F. Cox with a knife, a deadly weapon. Both aggravated and simple assault were submitted to the jury, and their verdict was a general one assessing a punishment of $25.

No further statement necessary.

No brief for appellant found with the record.

*Dave W. Wilcox* and *Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged by information with aggravated assault. The jury rendered a verdict of guilty, assessing the punishment at a fine of $25. The court submitted the issues of aggravated and simple assault. The verdict is general, and does not specify of which grade of assault appellant was convicted. Article 751, Code of Criminal Procedure, provides: "Where a prosecution is for an offense consisting of different degrees, the jury may find defendant not guilty of the higher degree (naming it) but guilty of any degree inferior to that charged in the indictment or information." If the issue of aggravated assault alone was submitted to the jury, it would not have been necessary for the jury to specify the grade of offense in case of conviction. Styles v. State, 37 Texas Crim. Rep., 599. But where the party is charged with aggravated assault, and the jury determines to convict of simple assault, they should so specify in the verdict. Bowen v. State, 28

Texas Crim. App., 498; Hays v. State, 33 Texas Crim. Rep., 546. Where a verdict is so defective and uncertain that the court can not know for what offense to pass judgment, it should be set aside. Guest v. State, 24 Texas Crim. App., 530; Slaughter v. State, 24 Texas, 410; Alston v. State, 41 Texas, 39; Senterfit v. State, Id., 186; Lomax v. State, 38 Texas Crim. Rep., 318. These authorities are directly applicable to this case. The jury should have stated in their verdict of which offense they convicted, for the fine of $25 was applicable to either degree; being the minimum for aggravated assault, and the maximum punishment for simple assault. Appellant reserved his bill of exceptions, fully presenting the matter. For this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*