### Jesse Worthington v. The State.

No. 4259.    Decided March 11, 1908.

**1.—Theft—Property Found—Criminal Intent.**

To constitute a finding, theft, the intent to defraud the owner and appropriate the property to the use of the finder must exist in the latter's mind at the time he takes possession of the property, and no subsequent intent to steal will render the original taking theft. Following Stepp v. State, 31 Texas Crim. App., 349.

**2.—Same—Evidence—Want of Criminal Intent.**

Where upon trial for the theft of a watch, the evidence taken altogether raised a sharp issue as to the intent of defendant at the time he found the watch, it was error to exclude the testimony of his father as to the conversation he had with his son with reference to the watch in question, the morning after it was found by the defendant the night before, which tended to show a want of criminal intent.

Appeal from the County Court of Childress. Tried below before the Hon. W. B. Howard.

Appeal from a conviction of theft under the value of $50; penalty a fine of $25 and ten days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Jesse Worthington, a young man living in Childress, while in the rooms of the Young Men's Christian Association about the 20th day of July, 1906, found a watch and chain in the bathroom, which belonged to one M. O. Hooker. He took the watch and chain and kept it. It was, some time after this, recovered by Hooker,

and later followed the arrest of Worthington on a charge of theft. The trial subsequently resulted in his conviction.

It was the contention of the State's counsel that in view of his failure to report the finding of the watch, although the Secretary of the association had rooms and office in the building, and later his statement to the witness Hooker that the watch was one of two which had been bought by his brother from a gambler, and other circumstances in the record, showed conclusively that at the time of the finding of the watch in question, he (appellant) then had the felonious intent to steal it. On the other hand, there is much evidence in the record, tending to show that he had no such intention, because on the night in question, he exhibited the watch to some of his friends, and stated that he had found it, and he wore it without concealment, and that he did not at any time intend to do more than keep the watch until the true owner appeared and identified it. Among others, the witness, George Archer, testified that appellant showed him the watch on the day following the evening he found it, and said to him, if he heard of any one that had lost a watch to send them to him, as he had found the watch then exhibited. It was shown by one Otto McCaskill that appellant showed him the watch in question the very night that he had found it, and told him he had found the watch that night at the rooms of the Young Men's Christian Association. In this condition of the record, and as corroborative of his own testimony, and as tending to explain and break the force of the testimony of the witness Hooker, who had stated that appellant had refused to let him see the watch, and told him that his brother had bought the watch, and another just like it from a gambler, he offered the testimony of his father, R. Worthington, and proposed to prove by him, and the bill recites that if permitted, he would have testified to the following facts: "That he was the father of the defendant, Jesse Worthington; that he, the defendant, was at witness' house on the following Sunday morning after the property was found by the defendant the night before; that the defendant told the witness, upon the defendant being asked where he got the watch, that he found it down at the Y. M. C. A. at Childress in a bathroom; that witness then instructed the defendant to take the watch back to town with him and keep it, but to advertise it by telling the people that he had found it, and when any one claimed it to make them describe it before he (the defendant) gave it up; that unless the party claiming the watch was known to the defendant and known to be responsible, to have claimant make affidavit to the ownership of the watch, as there could be forty claimants to the watch if he showed it and told them that he found it at the Y. M. C. A. That the defendant was at the time of the taking of the watch and now is a minor; that as his parent he gave him the instructions for his son's benefit and as a parent should, and that the defendant was living with the witness." The testimony was rejected and the witness was not permitted to testify to any of the facts proposed to be proved by him except that he is the father of the defendant. The

evidence taken altogether makes a sharp issue as to the intent of appellant at the time he found the watch. It has been held in this State, that to constitute a finding, theft, the intent to defraud the owner and appropriate the property to his own use must exist in the mind of the finder at the time he takes possession of the property. If the intent to steal did not exist at the time of the taking, no subsequent intent to steal will render the original taking theft. Stepp v. State, 31 Texas Crim. Rep., 349, and Billard v. State, 30 Texas, 368. It has been held that if it was the intent of the accused, at the time of the finding, to restore the property to its owner, but subsequently he appropriated it to his own use, the case is not theft, inasmuch as the taking was not animo furandi. If, when he found the property, he really believed the owner could not be found, and he afterwards disposed of it to his own use, either before or after ascertaining the owner, the case is not theft. Reed v. State, 8 Texas Crim. App., 40, and Wilson v. State, 14 Texas Crim. App., 205. In view of all the circumstances as shown in the record, the testimony of the witness R. Worthington was not only admissible, but of prime importance to the defendant.

It is unnecessary for us to pass on the question so strongly urged by counsel for appellant that the verdict of the jury and judgment of the court are unsupported by the evidence, as this question, with all the legitimate testimony admitted, may not arise on another trial, and upon another trial the facts may be essentially different.

For the error above referred to, the judgment of the court below is reversed and the cause is remanded.

*Reversed and remanded.*