## SAM BRYANT v. THE STATE.

### No. 3704.   Decided June 24, 1908.

**1.—Assault to Murder—Verdict—Misspelling.**

Upon trial for assault with intent to murder, where the court submitted assault with intent to murder and aggravated assault, the verdict for the higher offense, which by the lapse of the pen added the letter "y" to the word murder, sustained the finding of assault with intent to murder. Qualifying Wilson v. State, 12 Texas Crim. App., 481; Walker v. State, 13 id., 618; Taylor v. State, 5 id., 569.

**2.—Same—Charge of Court—Reasonable Doubt—Grade of Offense.**

Where upon trial for assault with intent to murder the court in express terms instructed the jury that if they had a reasonable doubt as to the defendant's guilt of the offense of assault with intent to murder they would then consider whether he was guilty of an aggravated assault, reasonable doubt as to the grade of offense was sufficiently submitted. Following McCall v. State, 14 Texas Crim. App., 353.

**3.—Same—Charges Refused—Bill of Exceptions.**

Where upon appeal it was impossible to say whether special charges had been given or refused, and there was no bill of exceptions in the record to the refusal of such charges, the same could not be considered.

**4.—Same—Argument of Counsel—Practice on Appeal.**

Where no bill of exceptions was reserved to the argument of the State's counsel and the matter was presented only in the motion for new trial, the same could not be considered.

Appeal from the District Court of Aransas. Tried below before the Hon. E. A. Stevens.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. H. Baldwin,* for appellant.—A verdict which does not find the defendant guilty of some offense defined by the laws of Texas is unlawful and the courts should not attempt to enforce the same. Walker v. State, 14 Texas Crim. App., 609; Taylor v. State, 5 Texas Crim. App., 569; Wilson v. State, 12 Texas Crim. App., 481; Sheffield v. State, 1 Texas

Vol. 54 Crim.—5.

Crim. App., 640; Woodbridge v. State, 13 Texas Crim. App., 443; Taylor v. State, 14 Texas Crim. App., 340; Gibbs v. State, 34 Texas Crim. Rep., 134; Evans v. State, 34 Texas Crim. Rep., 110.

On a trial for assault with intent to murder where there is any evidence to raise the question of aggravated assault the court should clearly instruct the jury that in case they find the defendant guilty and have a reasonable doubt as to whether he is guilty of an assault to murder or an aggravated assault, they should give the defendant the benefit of such doubt and find for the lower offense. Murray v. State, 1 Texas Crim. App., 417; Eanes v. State, 10 Texas Crim. App., 422; McCall v. State, 14 Texas Crim. App., 353.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was indicted in the District Court of Aransas County for the offense of assault with intent to murder one Joe Word. On trial he was convicted of the crime charged against him, and his punishment assessed at two years confinement in the penitentiary.

1. The evidence shows, substantially, that on the day of the homicide appellant and Joe Word had gone with a number of other persons, including Ida Murry, a young negro woman, to a festival near Rockport, and while there appellant seems to have taken offense at the attention shown by Joe Word to Ida Murry, accosting these parties when found together with the inquiry: "What does this mean? I am this lady's company." The parties at the time became engaged in a scuffle, and appellant went off and came back in a few minutes with a winchester rifle, and said stand back, that he would shoot the first man that came near him. Appellant struck Joe Word with his gun two or three times and injured him severely. The use of the gun had the effect to break off the magazine attached to same, and the barrel of the gun had blood on it and was slightly bent. There was not, as we believe, any evidence raising the issue of self-defense. Taken altogether, it seems to us that from every point of view, and judging solely from the record, that substantial justice would have been met by a conviction of aggravated assault, though we cannot say, as presented, that there was no evidence on which the jury were authorized to convict appellant of the more serious charge, of assault with intent to murder, and in deference to the verdict of the jury and having regard for the action of the court who permitted this verdict to stand, we do not feel authorized to reverse the judgment on the ground that the evidence does not sustain a conviction of assault with intent to murder.

2. The first question raised is that the verdict of the jury does not find the defendant guilty of any offense defined by the laws of the State of Texas, and that the court is without authority to attempt to enforce the same. This question was raised on motion for a new

trial, and is fairly presented in said motion, and in the able brief filed by counsel for appellant. The verdict of the jury, as it appears in the record, is as follows: "We the jury find the defendant guilty of assault with intent to murdery, and assess his punishment at two years in the State penitentiary." It is contended that such verdict is not responsive to the charge made in the indictment, or to the charge of the court; that "murdery" is not idem sonans with murder and that this is not a case of bad spelling; that it is a case of finding the defendant guilty of something with which he is not charged in the indictment, and which is not responsive to the charge of the court. We are not unaware that in some of the earlier cases a somewhat technical construction has been placed upon verdicts of juries. See Wilson v. State, 12 Texas Crim. App., 481; Walker v. State, 13 Texas Crim. App., 618, and Taylor v. State, 5 Texas Crim. App., 569. But we believe that in such matters a reasonable sane and sensible construction ought to be placed on a verdict. We approve the holding of this court not infrequently made that verdicts are to have a reasonable intendment and construction, and are not to be avoided, unless from necessity originating from doubt of their import or immateriality of the issue found, or their manifest tendency to work injustice, or their failure to contain that which some express provisions of the statute requires they should contain. Walker v. State, 13 Texas Crim. App., 618; McMillan v. State, 7 Texas Crim. App., 100; Bland v. State, 4 Texas Crim. App., 15; Williams v. State, 5 Texas Crim. App., 226; Partain v. State, 22 Texas Crim. App., 100. Where the jury have clearly expressed an intention to find the accused guilty as charged in the indictment, and to assess his punishment in the terms of the law, the verdict is sufficient. Williams v. State, 5 Texas Crim. App., 226. Technical and unsubstantial objections to a verdict will not be considered in determining its sufficiency. Reynolds v. State, 17 Texas Crim. App., 413. Where the sense of a verdict is clear, it is to be reasonably construed, and neither incorrect orthography nor ungrammatical language will render it illegal or void. Roberts v. State, 33 Texas Crim. Rep., 83. Misspelling does not vitiate a verdict when no doubt can be entertained as to the words intended, or as to their meaning. McMillan v. State, 7 Texas Crim. App., 100; McGee v. State, 39 Texas Crim. Rep., 190; Price v. State, 36 Texas Crim. Rep., 403; Stepp v. State, 31 Texas Crim. Rep., 349; Attaway v. State, 31 Texas Crim. Rep., 475; Shelton v. State, 27 Texas Crim. App., 443; Wooldridge v. State, 13 Texas Crim. App., 443; Koontz v. State, 41 Texas, 570. Again, it has been held that the charge of the court can be looked to in construing the verdict. Marshall v. State, 4 Texas Crim. App., 549; Vincent v. State, 10 Texas Crim. App., 330; Foster v. State, 21 Texas Crim. App., 80. It is said also that it must always be presumed that the jury had expressed their finding with reference to the charge of the court, unless they also state something which shows that such was not their intention. Vincent v.

State, 10 Texas Crim. App., 330. It is only where a verdict is so defective and so uncertain that the court cannot know for what offense to pass judgment, that it should be set aside. Guest v. State, 24 Texas Crim. App., 530; Hays v. State, 33 Texas Crim. Rep., 546; Lomax v. State, 38 Texas Crim. Rep., 318. Now, in this case, the only questions submitted to the court were as to whether or not appellant was guilty of assault with intent to murder or an aggravated assault. We think it evident and clear beyond any sort of doubt that the jury intended to find appellant guilty of assault with intent to murder, and that the use of the letter "y" in spelling murder was unintentional and an oversight, a mere lapse of the pen. Nor do we believe it our duty to reverse a case where it is manifest to us, both as men and judges, that it was the unquestioned intention, fairly appearing in the verdict of the jury, to assert and affirm their belief of appellant's guilt of the very offense of which he is charged, simply and only because of some slight misspelling or misuse of one letter in a word, which it is apparent was unintentionally or inadvertently used.

3. The next ground relied on for a reversal is that the court erred in failing to charge the jury the doctrine of reasonable doubt as applied to the degree or grade of the offense raised by the evidence, and in respect to this contention appellant submits the following proposition: "On a trial for assault with intent to murder where there is any evidence to raise the question of aggravated assault the court should clearly instruct the jury that in case they find the defendant guilty and have a reasonable doubt as to whether he is guilty of an assault to murder or an aggravated assault, they should give the defendant the benefit of such doubt and find him guilty of the lower grade of offense." On the trial the court instructed the jury as follows: "If you believe from the evidence beyond a reasonable doubt that the defendant is guilty of an assault, but have a reasonable doubt as to whether such an assault was upon malice aforethought, with intent to murder, as herein explained to you, then you will acquit him of that offense and next consider whether he is guilty of an aggravated assault, or whether he was justified in his action." Again, the court instructed the jury as follows: "In every criminal case the defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt, and in this case if you have a reasonable doubt of the defendant's guilt you will acquit him and say by your verdict not guilty." It has heretofore been held by this court and seems to be well settled: "That where an offense consists of different degrees, a charge giving the defendant the benefit of a reasonable doubt between the degrees would be proper, and it would be error ordinarily in such case to refuse such a charge when requested, but in a case like the present one, the court having given the defendant the benefit of a reasonable doubt with reference to the whole case, we do not think it was error to refuse the charge requested by defendant." McCall v. State, 14 Texas Crim. App., 353. The charge in the case now

before us seems to have gone further than that considered in the McCall case, for the reason that, here the court in express terms instructs the jury that if they have a reasonable doubt as to appellant's guilt of the offense of assault with intent to murder they would then consider whether he was guilty of an aggravated assault. We do not believe there was such error, if indeed any error at all, in the action of the court now being considered, as should require a reversal of the case.

4. Complaint is made of the failure of the court to give certain special instructions requested by appellant. These were two in number. It does not appear from the record before us distinctly whether either of these charges were given or refused. Both of these special charges appear on page 15 of the record. As appears from the index, one is said to have been given and the other to have been refused. They are substantially to the same effect, and are as follows:

1st. "An assault to murder is a compound offense; it consists of an assault coupled with the specific intent to take life. If an assault is committed and great bodily harm done, such an assault would not be an assault to murder unless it were made with the specific purpose and intent to take the life of the party so assaulted by the means used.

2nd. "Although the jury may believe that the defendant assaulted Joe Word with a gun and that said gun was a deadly weapon and if death had ensued from such assault the offense would have been murder, yet if at the very time defendant made such assault he did not so make it with the specific intent then and there to kill Joe Word he would not be guilty of assault to murder but might be guilty of an aggravated assault." If we consider the matter wholly and only as presented by the transcript, it is impossible for us to say whether these charges, either or both, were given or refused. Therefore, we are unable to review the action of the court in respect to this question. There is no bill of exceptions in the record to the refusal of those charges, nor does it appear, either directly or indirectly, unless we may judge from the index, whether they were given or refused. In this condition of the record, it is evident that appellant is without substantial grounds of complaint.

5. Appellant also complains of the misconduct of the district attorney and the improper argument made by him in his closing address to the jury. This is presented only in the motion for a new trial, and is not evidenced or the facts preserved by bills of exception, and under the well settled rules of procedure in this court cannot be considered by us.

On the whole case we think there is no error pointed out requiring or demanding a reversal, and it is, therefore, ordered that the judgment be and the same is hereby in all things affirmed.

*Affirmed.*