### G. O. KINCHEN v. THE STATE.

#### No. 4153. Decided October 18, 1916.

**1.—Aggravated Assault—Deadly Weapon—Insufficiency of the Evidence.**

Where, upon trial and conviction of aggravated assault by means of a deadly weapon, the evidence was insufficient to show that the instrument used was a deadly weapon, as contemplated by the statute, there was reversible error.

**2.—Same—Verdict—Degrees of Offense.**

Where, upon trial of aggravated assault, the court in his charge submitted both aggravated and simple assault, the jury should have specified, in their verdict, the grade of the offense of which defendant is convicted.

Appeal from the County Court of Tarrant. Tried below before the Hon. Jesse M. Brown.

Appeal from a conviction of assault; penalty, a fine of fifty dollars.

The opinion states the case.

*John L. Poulter,* for appellant.—On question of insufficiency of the evidence: Hamilton v. State, 60 Texas Crim. Rep., 258; Stephenson v. State, 33 id., 162; Jenkins v. State, 30 Texas Crim. App., 379; Pierce v. State, 21 id., 540.

On question of verdict: Lee v. State, 41 Texas Crim. Rep., 557; Moody v. State, 52 id., 232; Hays v. State, 33 id., 546.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of verdict: Mosley v. State, 61 Texas Crim. Rep., 294.

DAVIDSON, JUDGE.—Appellant was charged in two counts with aggravated assault, one with a deadly weapon and the other with inflicting serious bodily injury. The court only submitted the count with reference to deadly weapon. There was no evidence which justified the submission of the count with reference to serious bodily injury. We are of opinion that the evidence does not justify the verdict of aggravated assault upon the theory that it was a deadly weapon. The evidence is to the effect that the blows were inflicted by appellant with a piece of metal used in setting up forms in a printing office, which was about seven inches long and from a half to an inch thick, and would weigh about three pounds. Appellant struck the injured party on the head with it, the State contends, without any occasion, while the defendant contends it was in self-defense. Evidence was introduced pro and con on the question of who was in the right or wrong of the difficulty. It was a seriously contested issue, but there is no evidence other than the size of the instrument that it was deadly. The wound inflicted was about an inch long and bled freely, leaving a small scar near or about the edge of the hair. This evidence, under our law, we think, is not sufficient to show that the weapon was a deadly one as contemplated by the statute. If it is sought upon another trial to convict appellant of aggravated assault, the evidence should show the deadly character of the weapon.

An attack is made upon the verdict of the jury as being insufficient. It reads as follows: "We, the jury, find the defendant guilty as charged, and assess the fine at fifty dollars." The court submitted both phases of assault, aggravated and simple. This matter is not discussed, but we wish to call the attention of trial courts and prosecuting officers again to the necessity of having the jury to specify in the verdict the grade of the offense of which the appellant is convicted in cases where more than one degree or grade of the offense included in the indictment is given in charge to the jury. It saves trouble and prevents questions arising on the appeal that are unnecessary or ought to be unnecessary. These questions ought not encumber records on appeal. For instance, where aggravated and simple assault are submitted to the jury, the jury should specify in their verdict of which grade of the offense they convict. There are numerous other statutes where inferior grades of offense are included or may be included under the evidence in the charge of the court. Wherever this is the case the verdict of the jury should specify the degree of the offense of which the jury convict. If the jury in this case had found appellant guilty of aggravated assault, this trouble could not have arisen. This is mentioned in passing so that these matters may not occur in the future. It is not intended here to discuss anything but the importance of having these verdicts clearly set out the offense for which the conviction occurs.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*