## Milton Johnson v. The State.

No. 4497.   Decided October 3, 1917.

Rehearing denied October 31, 1917.

**1.—Arson—Severance—Dismissal—Codefendant.**

Where another party was indicted with the defendant for arson, but in separate indictments, and defendant sought a severance and asked that his codefendant be first tried, whereupon the State dismissed as to him, but the court declined to grant said codefendant immunity against a subsequent prosecution. whereupon defendant insisted that said codefendant should be placed upon the witness stand by the State so he could cross-examine him, which the court refused, there was no reversible error. Following Hobbs v. State, 53 Texas Crim. Rep., 71, and other cases. Overruling Puryear v. State, 50 Texas Crim. Rep., 454.

**2.—Same—Evidence—Confession—Charge of Court.**

Where, upon trial of arson, defendant's written confession was admitted in evidence and defendant sought to prove that improper influences or promises were made to him at the time to induce him to make said confession, which question the court properly submitted in his charge to the jury, refusing a requested charge because it is covered by the court's main charge, there was no reversible error.

**3.—Same—Insanity—Charge of Court.**

Where, upon trial of arson, defendant pleaded insanity which the court properly submitted to the jury who found against him, there is no reversible error.

**4.—Same—Penalty—Subsequent Act of Legislature.**

Where, upon trial of arson, by the owner of the house situated in the city of Georgetown, the evidence showed that said burned house was in the city of Georgetown in the county of the prosecution at the time alleged in the indictment and defendant was convicted on the 11th of January, 1917, and he appealed in the same month, and the record was filed in this court on May 4, 1917, he could not claim the minimum penalty of the Act of June 19, 1917. Following Walker v. State, 7 Texas Crim. App., 245, and other cases.

**5.—Same—Town—City—Owner of House.**

Upon trial of arson, under article 1208, Penal Code, which prohibits the owner of a house in a town or city from setting fire to it, where the evidence showed that said house was situated in the town or city of Georgetown, he had no right to burn it either by himself or agent, and the conviction is sustained.

Appeal from the District Court of Williamson. Tried below before the Hon. George Calhoun.

Appeal from a conviction of arson; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Dan Moody,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—Appellant has appealed from a conviction of arson with a penalty of five years assessed against him, which was the lowest prescribed by law at the time he was tried and convicted.

He has a large number of bills to the admission and exclusion of testimony, and other matters. It is unnecessary to state or discuss but few of them. Appellant's attorney conceded upon argument of the case upon submission that most of them presented no error and he did not rely upon them. The questions he relied upon, as we remember them, will be discussed. While he made an oral argument he has no brief on file.

The indictment was against D. W. Stephens and appellant and alleged that in Williamson County, Texas, they unlawfully and wilfully set fire to and burned a house of said Stephens, which was at the time situated in the City of Georgetown in said county and State. It seems that said Stephens was also indicted in a separate indictment for said offense. At the trial appellant sought a severance and asked that said Stephens be first tried. The State with the permission of the court, dismissed the prosecutions against Stephens on the ground made by the State that there was not sufficient evidence to convict him, but the court declined to permit the district attorney at the time to grant said Stephens immunity against subsequent prosecution. Appellant opposed the dismissal of the prosecutions against Stephens and insisted that the State, if it dismissed, should grant immunity to Stephens, and on the trial, insisted that the State should put Stephens on the stand and have him testify so he could cross-examine him. The court refused this. Neither side offered Stephens as a witness. The court's action in all these matters was correct and presents no error, as has been repeatedly and expressly held by this court. (Hobbs v. State, 53 Texas Crim. Rep., 73; Streight v. State, 62 Texas Crim. Rep., 453.) The Hobbs case expressly overruled the Puryear case in 50 Texas Crim. Rep., 454, which was cited and relied upon by appellant.

The State proved by several witnesses that the appellant on the night after the fire made a written confession, expressly stating and confessing that he had burned said house. He did not testify. He, and no other for him, testified that he did not make the confession. The confession is strictly in accordance with the statute, and after being proven up, was introduced in evidence. Appellant sought to prove that improper influences or promises were made to him at the time to induce him to make said confession. We think the evidence hardly raises such an issue. The overwhelming proof was the reverse of this. But if the question was raised at all, the court gave, in substance in full, his specially requested charge on that question submitting it to the jury and refused his charge on that subject expressly because it was covered by the court's charge. The court's charge is as follows: "A confession in order to be admissible against a defendant in a case must be shown by the evidence to have been freely and voluntarily made, without compulsion or persuasion; and in regard to the alleged confession of the defendant offered in evidence by the State in this case, the jury are charged that if they believe such confession was not freely and voluntarily made, or if they believe the same was induced by

threats, coercion, or by persuasion or by promise of immunity or any other improper influence or if the jury have a reasonable doubt as to whether such alleged confession was freely and voluntarily made, then they should wholly disregard it, and they should acquit the defendant unless they believe from the other evidence in this case beyond a reasonable doubt that the defendant's guilt has been established of the offense charged in the indictment." The court committed no error on this point.

Appellant's defense was insanity. The court properly submitted this question to the jury and upon ample evidence sustaining the State, the jury found against him.

The indictment alleges, and the uncontradicted proof shows that the offense was committed on or about August 17, 1916, and that the burned house was in the City of Georgetown in Williamson County. This trial and conviction herein was had on January 11, 1917. The case was appealed at the January term, 1917, and the record filed in this court on May 4, 1917. The Thirty-fifth Legislature, by an Act approved March 30, 1917, page 352, changed the penalty for arson from the minimum of five to two years in the penitentiary. The Act did not go into effect until ninety days after adjournment. The Legislature adjourned March 21, 1917. The Act went into effect June 19, 1917. Appellant contends that because this Act prescribing a less minimum penalty was in effect on June 20th, when this case was submitted in this court, and that it must necessarily be decided after that date by this court, he is entitled to a reversal because of said statute. His contention can not be sustained. The statutes and decisions of this court are directly the reverse of his contention. Art. 15, P. C.; Walker v. State, 7 Texas Crim. App., 245; Simms v. State, 8 Texas Crim. App., 246; Myers v. State, 8 Texas Crim. App., 328; Monroe v. State, 70 Texas Crim. Rep., 245. There is no necessity for discussion of this question. It is fully discussed in said decisions.

The uncontradicted testimony shows said burned house was in Georgetown, in Williamson County. Some of the witnesses speak of it as "in Georgetown," others in "the town of Georgetown," and the deed to Stephens describes the lot on which the house was situated as "in the City of Georgetown," in said county. There was no possible doubt as to the identity of the house, or that it was situated in Georgetown, whether Georgetown be termed a city or town. The statute (P. C., 1208) states the owner is guilty of arson if he burn his house situated in a "town or city," when it (art. 1207) gives him the right to burn it if situated elsewhere. He could not legally employ an agent to burn it when he himself could not. If the agent burned it he, the agent, would be guilty.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

October 31, 1917.

PRENDERGAST, JUDGE.—Appellant now contends that the court, in connection with the charge given, submitting to the jury whether or not they could consider the confession of appellant, proven up and introduced in evidence, should have charged on circumstantial testimony in the event the jury should disregard and not consider the confession. The charge the court gave on the subject is copied in the original opinion. This charge of the court is substantially a copy of the charge on the subject requested by appellant and evidently was copied by the. judge as a part of his main charge and was then marked refused by the judge because it was covered by the general charge of the court. In our opinion the case did not require a charge on circumstantial evidence.

The motion is overruled.

*Overruled.*