FINIS LEWIS v. THE STATE.

No. 5491.    October 22, 1919.

Rehearing denied January 14, 1920.

1.—Aggravated Assault—Verdict—Degree of Offense.

Where, upon trial of aggravated assault, the information charged one count, and the court submitted to the jury in his charge both aggravated and simple assault, and they found the defendant guilty as *charged in the information* and assessed his fine at twenty-five dollars, the contention that the verdict should have stated whether defendant was guilty of aggravated of simple assault is untenable, and there is no reversible error. Following: McGee v. State, 39 Texas Crim. Rep., 190, and other cases. Distinguishing: Lee v. State, 41 Texas Crim. Rep., 557.

2.—Same—Statutes Construed—Degree of Offense—Former Decisions.

Under articles 771 and 772, Vernon's C. C. P., it is clear, the conflict of decisions has arisen, if there be such conflict. and in the cases cited by appellant as holding the opposite to the decision in the instant case, it will be found that in most of them the court in his charge submitted the different degrees of the offense and the jury found defendant guilty generally, or guilty as charged, frequently assessing a punishment which might be inflicted for either the higher or lower degree submitted, are in entire accord with the holding in this case.

3.—Same—Verdict—Charge of Court—Intention of Jury—Pleading.

While the jury are presumed to express their finding with reference to the charge of the court, it must follow that when the information or in-

dictment contains but one count, and the verdict recites that the accused is guilty *as charged in the information* or *indictment*, and a punishment is fixed which is allowed by law for either of the offenses submitted by the court, the court must look to the indictment or information referred to in the verdict in order to ascertain the intendment of the jury. Following: Cohea v. State, 11 Texas Crim. App., 153, and other cases.

Appeal from the County Court of Fannin. Tried below before the Hon. A. P. Bolding, judge.

Appeal from a conviction of aggravated assault; penalty, a fine of twenty-five dollars.

The opinion states the case.

*Cunningham, McMahon & Lipscomb*, for appellant.—On question of indefiniteness of verdict: Moody v. State, 52 Texas Crim. Rep., 232; Winzel v. State, 47 id., 267; Williams v. State, 44 id., 316, and cases cited in the opinion.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

MORROW, Judge.—The appellant was charged by information with the offense of aggravated assault. The information embodied the proposition that a deadly weapon was used, and also that serious bodily injury was inflicted. Upon the trial of the case the evidence was such as to present the theory of both aggravated assault and simple assault, and the court, recognizing this to be true, instructed the jury upon the law of both offenses. The verdict returned was as follows: "We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment at a fine of $25." Prompt objection to the receipt of this verdict because of its indefiniteness was urged, and the action of the court in receiving it and in entering judgment upon it is properly brought here for review. The exact question was before the court in the case of Lee v. State, 41 Texas Crim. Rep., 557. The sole question in that case was a sufficiency of a verdict assessing a fine of $25, against one accused of aggravated assault in a trial where the issue of both aggravated and simple assault was raised and submitted. The court held the verdict defective and uncertain, in that the jury failed to state of which offense the appellant was convicted, and it was not otherwise manifest or discernible from the verdict. A number of decisions to the same effect will be found collated in Branch's Annotated Texas Penal Code, page 938, Sec. 1595. See also notes in Vernon's Texas Criminal Statutes, vol. 2, under Art. 771, page 580.

Under the rule thus declared, the verdict in the instant case is defective and should not have been received. The judgment of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

December 17, 1919.

LATTIMORE, Judge.—This case is before us upon the State's motion for rehearing.

An inspection of our former opinion shows that the reversal was had upon the ground that the verdict of the jury was indefinite and uncertain. The record discloses that the prosecution was upon an information which charged appellant with an aggravated assault, and that the trial court submitted to the jury, in his charge, both aggravated and simple assault; and that the verdict of the jury was as follows: "We the jury find the defendant guilty as charged in the information, and assess his punishment at a fine of $25."

Upon more mature reflection, we are of opinion that we overlooked the effect upon this verdict of the words "as charged in the information," and are convinced that same made said verdict sufficient.

None of the authorities cited by appellant, or to which our attention has been directed as sustaining appellant's contention, contain these words, or words of similar import. The authorities all hold that where the court submits to the jury different grades of an offense, included by statute in the one charged in the information, and a general verdict of guilty is returned, fixing a punishment which might be given for more than one of the grades of offense submitted in the charge, such verdict will be bad; but when the verdict is "guilty as charged in the information or indictment," or where the punishment fixed by such verdict is one which by law can only be inflicted as punishment for one of the grades of the offense so submitted, we think the rule different, and the verdict sufficient. McGee v. State, 39 Texas Crim. Rep., 190; Bryant v. State, 54 Texas Crim. Rep., 65; Burton v. State, 62 Texas Crim. Rep., 648; Dugat v. State, 67 Texas Crim. Rep., 54; Nettles v. State, 5 Texas Crim. App., 386; Henderson v. State, 5 Texas Crim. App., 134.

"In such case," as said by Judge Ector, in the Henderson case, supra, "there can be no doubt of what offense the jury intended to find the defendant guilty."

In the McGee case, supra, in which the charge in the indictment was rape, and the trial court submitted to the jury both rape and assault with intent to rape; and the penalty inflicted was one which could have been given for either offense submitted, Judge Hurt held that the language in the verdict, as follows: "guilty as charged in the indictment," is sufficient to make it clear that the jury intended to convict the defendant of the only offense named in the indictment.

The question was fully discussed in the Bryant case, supra, in an able opinion by Judge Ramsey.

All the authorities make it the duty of the courts to give the language used in a verdict every reasonable intendment in upholding the same.

The Lee case, cited in the original opinion, in common with most of the authorities cited by appellant, upon more careful inspection, is found to be a case in which merely a general verdict of guilty was rendered.

The State's motion for rehearing is granted; the judgment of reversal is set aside, and the judgment of the lower court is affirmed.

*Affirmed.*

### ON REHEARING.

### January 14, 1920.

LATTIMORE, JUDGE.—This prosecution was upon an information containing only one count, which charged an aggravated assault.

The court below, in his charge to the jury, submitted both aggravated assault and simple assault. The verdict was as follows: "We, the jury, find the defendant guilty as charged in the information, and assess his punishment at a fine of twenty-five dollars."

In an able motion for rehearing, appellant challenges the correctness of our affirmance of this case, and our holding that the verdict was sufficiently certain, and insists that such verdict should have specifically named the degree of assault of which appellant was found guilty. An examination of our statutes, as found in Chapter 6, Title 8, Vernon's Code of Criminal Procedure, discloses that Article 771 thereof directs that where a prosecution is for an offense consisting of different degrees, the jury may find the defendant not guilty of the higher degree (naming it) and guilty of any degree inferior to that charged in the indictment or information. Article 772 of said chapter, names the offenses which, if charged in an indictment or information, will be held to include similar offenses of inferior degree. It is clear that while the pleading charged only one offense *eo nomine,* the court may charge the jury every inferior degree embraced therein, and just here is where the conflict, if any, has arisen. In the cases cited by appellant as holding the opposite to the decision in this case, upon examination it will be found that in most of them the court submitted in his charge, the different degrees of the offense, and the jury, by their verdict, found the defendant guilty, or guilty *as charged,* frequently assessing a punishment which might be inflicted for either the higher or lower degree submitted. In such cases this court has invariably held the verdict uncertain, and we are in entire accord with such holding. Such are Kinchen's case, 80 Texas Crim. Rep., 106, 188 S. W. Rep., 1004; Williams' case, 44 Texas Crim. Rep., 316; Lee's case, 41 Texas Crim. Rep., 557; Moody's

case, 52 Texas Crim. Rep., 232; Winzel's case, 47 Texas Crim. Rep., 267.

The reasoning resulting in the holdings in these cases, is apparent, for it is impossible to tell from the form of verdict in said cases, whether the intention of the jury was to find the accused guilty of the aggravated assault charged by the court, or the simple assault charged by the court, or the assault charged in the information.

We are also in accord with another rule which prevails in our practice, and which is, that the jury are presumed to have expressed their finding with reference to the charge of the court, unless in their verdict they state something which shows that such was not their intention. Vincent v. State, 10 Texas Crim. App., 330; Hutto v. State, 7 Texas Crim. App., 44, and authorities cited.

So it must follow that when the information or indictment contains but one count, and the verdict recites that the accused is guilty as charged in the information or indictment, and a punishment is fixed which is allowed by law for either of the offenses submitted by the Court in his charge, we will look no longer to the charge of the court to ascertain the offense, or degree of offense found by the jury, but will look to the indictment or information referred to in the verdict in order to ascertain the intendment of the jury.

We have found no case in this State in which this Court has held otherwise than as we have just stated, but in every instance where the question has been presented to this Court, it has held such verdict to be sufficiently certain. In Cohea v. State, 11 Texas Crim. App., 153, a theft case, objection was made to the verdict of "guilty as charged in the indictment," because theft is of different degrees, and the verdict failed to specify the degree. Judge Hurt held that the verdict found the accused guilty of the highest offense charged in the indictment, and that it was not necessary for the verdict to name the offense or degree; that this is necessary only when the accused is found guilty of a lesser degree than that named in the indictment.

In Burgess, v. State, 33 Texas Crim. Rep., 9, this court held a verdict finding the accused guilty as charged, in the indictment not to be vague and indefinite, but on the contrary, to be very certain.

In the Williams case, 5 Texas Crim. App., 226, the form of the verdict was that the jury found the accused guilty as charged in the indictment. After discussion and citation of authorities, this Court said: "From these authorities, we are of the opinion that the verdict in the present case leaves no room for doubt that the jury have clearly expressed an intention to find the accused guilty of the crime charged in the indictment, and to assess his punishment in terms of law."

In the Nettles case, 5 Texas Crim. App., 386, this Court says: "It seems that in ordinary felonies, including degrees, whilst it would be eminently proper—as in fact it might be in all criminal cases

of whatever grade—for the jury to name the offense of which they find the accused guilty, yet they are not positively required to do so, and it may only be proper for them to do so when the party is found guilty of a lesser offense than that charged in the indictment.''

In the McGee case, 39 Texas Crim. Rep., 190, JUDGE HURT, who was undoubtedly one of the greatest lawyers and logicians who ever sat on this bench, in one of the last opinions handed down by him before his retirement to private life, stated what we believe to be the correct rule in cases of verdicts of this character, and makes it too clear for argument that a verdict which finds the accused guilty as charged in the indictment, sufficiently sets forth the finding of the jury, both as to the offense, and the degree of offense of which the accused has been convicted. This, of course, is applicable to a case in which the indictment contains only one count. The entire similarity of the McGee case with the one under consideration, is apparent from a reading of the opinion in that case. We quote from it as follows:

''Appellant were charged with rape upon Martha Green. The jury returned the following verdicts: 'We the jury find the defendant Prada McGee guilty as charged in the indictment, and assess his punishment at confinement in the State penitentiary for a term of fifty years. T. A. Smith, Foreman.'' And: 'We the jury find the defendant Maryland Fuller guilty as charged in the indictment, and assess his punishment at confinement in the State penitentiary for a term of fifty years. T. A. Smith, Foreman.' The court submitted to the jury rape and assault to rape. The punishment for assault to rape is confinement in the penitentiary for any term not less than two years; the punishment for rape is death, or confinement in the penitentiary for life, or any term of years not less than five. Fifty years confinement in the penitentiary is a legal punishment for either offense. Rape includes an assault with intent to commit rape. Now, the contention of appellant is that the above verdicts are insufficient to support the judgments; that, as fifty years may be the punishment for assault to rape, and as rape and assault to rape were submitted to the jury, the verdicts should have stated for which offense the defendants were convicted. This proposition is absolutely correct. *But the question is whether the verdicts fail to so state.* Article 751, Code of Criminal Procedure, provides: 'Where a prosecution is for an offense consisting of different degrees, the jury may find the defendant not guilty of the higher degree, naming it, but guilty of any degree inferior to that charged in the indictment or information.' The question is not before us whether the jury convicted the defendant of a lesser degree than that charged. The question is whether the jury convicted the parties of the degree charged in the indictment in this case. What was the higher degree charged in the indictment? Evidently it was not an assault with

intent to rape, but was rape. Now, how do the verdicts read? "We the jury find the defendant guilty as charged in the indictment." The charge in the indictment was for rape. Assault with intent to rape was charged in one sense, which was by inclusion. It evidently was not charged directly, for, if so, article 751 could never have had any practical operation. This article expressly provides that the accused can be convicted of an inferior degree to that charged in the indictment. Now, if this inferior degree was not charged in the indictment, either directly or by inclusion, the parties could not be convicted legally at all, because a conviction cannot be legal without allegations. This article settles the question. It draws the distinction clearly between the charged degree,—that degree which is set forth in the indictment and that degree of offense which is charged by inclusion. If assault to rape was charged in the indictment, within the meaning of this article, so was aggravated assault and simple assault, and so was an attempt to rape. If, then, these degrees were all charged, within the meaning of this article, to give the article·practical effect the accused could be convicted of some offense not charged at all. To restate: We understand article 751 to draw a distinction between the degree which is charged directly and affirmatively in the indictment and the lesser degrees of the same offense, which are charged by inclusion. This article says that in substance by stating: 'But guilty of any degree inferior to that charged in the indictment or information.' Now, the verdicts in this case find the defendants guilty as 'charged in the indictment;' and when we look to the indictment, nothing is affirmatively charged except rape. While it is true, he is charged with assault to rape, aggravated assault, etc., by inclusion, yet that manner of charging is not that which is meant by article 751, but it means directly and affirmatively charged. The verdict is the same as if it were, "We the jury find the defendant guilty of rape, because it says that which is the equivalent thereto, 'We the jury find the defendant guilty as charged in the indictment,' which is rape, and nothing else. Let us suppose that the appellants on another trial should interpose a plea of acquittal of rape. Their plea would be worthless. Why? Because the jury have convicted of rape, the offense charged in the indictment. We do not wish to elaborate this question any further."

We are not disposed to overrule any of the cases cited by appellant's counsel, believing them to be correct holdings, under their facts but we do not think any of them holds contrary to the entirely different principle and reasoning upon which our decision in this case rests.

Believing the opinion affirming this case to be correct the appellant's motion for rehearing will be overruled.

*Overruled.*