# NOVEMBER 27, 1940

## JOHN ADAMS V. THE STATE.

No. 21269. Delivered November 27, 1940.

The opinion states the case.

*Lincoln & Harris,* of Texarkana, and *George F. Edwardes,* of Texarkana, Ark., for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is assault with intent to murder with malice The punishment assessed is confinement in the State penitentiary for a term of two years.

Appellant's first complaint is that the evidence is insufficient to sustain his conviction of an assault with intent to murder.

The record shows that about 2:30 A. M. on the night in question appellant came to Poulos' restaurant and went to sleep with his head resting on the counter. Poulos awakened him and asked him to go home. Appellant left, went to another restaurant, procured a steak knife with an iron handle and a blade seven inches long (being referred to by some of the witnesses as a "case knife"), which he had sharpened; and then he returned to Poulos' place of business ,went behind the counter and without any cause, began to cut Poulos about the head, face and neck. A negro cook, who heard the disturbance, interceded in behalf of Poulos, and when appellant was in the act of leaving the cafe, Poulos struck him on the head with a small iron pipe. In the meantime some of the patrons of the cafe had summoned the officers who took appellant in charge. Poulos was taken to a hospital where he received medical treatment. It required twenty-three stitches to sew up his wounds.

To hold that the evidence is insufficient to sustain the conviction would be tantamount to holding, as a matter of law, that the knife in question, in the hands of an able-bodied man twenty-seven years of age, was not a deadly weapon in the manner in which it was used. It is true that the court, without defining a deadly weapon in his charge, instructed the jury that if they believed from the evidence, beyond a reasonable doubt that appellant, with a deadly weapon, to-wit, a knife, made an assault ·upon Poulos with the intent to commit murder, to find him guilty. Since no objection was made to this particular charge, we may assume that the appellant was satisfied with the instruction.

It appears from the State's testimony that the assault was unprovoked; that it was made with a premediated design and with a weapon calculated to produce death or serious bodily injury. The jury, to whom the issue of appellant's intent was submitted, determined that issue against him and we do not feel that, under the peculiar facts of this case, we would be justified in disturbing their finding.

We note that the court instructed the jury relative to the law of an assault to murder with and without malice, on aggravated and simple assault, self-defense, the suspension of sentence and on insanity produced by the voluntary use of ardent spirits.

Appellant's Bill of Exception Nos. 1 to 12, both inclusive, complain of the court's action in declining to submit his special requested instructions. We have examined all of them and find that the subject matter contained in a number of the requested instructions were embraced in the court's main charge. To have given them would have been but a repetition of the legal principles enunciated by the court. Some of the requested instructions were misdirections as to the law. For instance, appellant requested an instruction to the effect that if the jury should believe from the evidence, or have a reasonable doubt thereof, that due to intoxication the defendant did not have a specific intent to kill Jimmie Poulos at the very time he made the assault, if he did so, then they will not find him guilty of an assault to murder. This is not the law. Article 36, Vernon's Ann. Tex. P. C., reads as follows:

"Neither intoxication nor temporary insanity of mind produced by the voluntary recent use of ardent spirits shall constitute any excuse for the commission of crime. Evidence of temporary insanity produced by such use of ardent spirits may

be introduced by the defendant in mitigation of the penalty attached to the offense for which he is being tried. When temporary insanity is relied upon as a defense and the evidence tends to show that such insanity was brought about by the immoderate use of intoxicating liquor, the judge shall charge the jury in accordance with the provisions of this article."

It is obvious from the article of the statute quoted that mere intoxication from the recent use of ardent spirits will not, of itself, in any case excuse the commission of an offense against the laws of this State nor mitigate the penalty. Temporary insanity produced by the use of such liquors is evidence which may be introduced in mitigation of the penalty but in no event may it be used to excuse or justify the offense. See Little v. State, 42 Tex. Cr. R. 551 (553); Lyle v. State, 31 Tex. Cr. R. 103, (113).

Bill of Exception No. 13 reflects the following occurrence: While Levi Lollis was testifying for the State and after he had stated that on the night in question and a very short time prior to the difficulty, appellant appeared at the cafe where he was employed as a dish-washer and asked him (Lollis) to sharpen a steel-handled case knife for him; that the request was complied with and appellant then left. Then the District Attorney drew from the inside pocket of his coat a knife and asked Lollis the following question: "If I were to show you the knife, do you think you would know whether it was the knife you sharpened or not?" The witness replied in the affirmative. Appellant objected to the action of the District Attorney in drawing the knife from his pocket and exhibiting it to the witness upon the ground that there was no identification of the knife; that the testimony does not identify it; that it was leading and suggestive. The objections were overruled and the witness answered: "It looks like the knife." Thereupon appellant asked the court to strike out said testimony which request was also refused, whereupon he then and there excepted to the ruling of the court. This testimony was clearly admissible as identifying the particular knife which appellant had sharpened by Lollis. It showed the purpose of appellant in having an instrument capable of inflicting death or serious bodily injury. A sharp knife was more likely to produce death than a dull one. It showed intent and an evil design on the part of appellant. The knife was also identified by the injured party and the officer who arrested appellant; at least the knife exhibited was the same kind as that used by appellant in making the assault. We therefore overrule appellant's contention.

What we have said with reference to Bill of Exception No. 13 also applies to Bills of Exception Nos. 14, 15, 16 and 17, because each of said bills complains of the action of the District Attorney in exhibiting the knife to each of the various witnesses and having them identify it as the one which appellant used in the commission of the alleged offense, or similar to the one which he used.

Bill of Exception No. 18 complains of the following remark by the District Attorney: "Gentlemen of the Jury: Mr. Lincoln has a change of heart. When he was District Attorney and I was County Attorney of Cass County, I tried many cases with him; and during all that time he was asking juries to send men to the penitentiary, and I never did hear him tell a jury about the horrors of the penitentiary. This is the first case I ever heard him tell a jury about the horrors of the penitentiary, and I have heard him try many a case."

This bill is qualified by the court who certifies that Mr. Lincoln, one of the attorneys for defendant, in his closing argument graphically pictured the horrors of the penitentiary, and the argument complained of was in response thereto, was invited by appellant's counsel and was justified. In our judgment the bill, as qualified, fails to reflect reversible error.

In his motion for a new trial appellant questions the sufficiency of the verdict to authorize the court in sentencing him to confinement in the State penitentiary for a term of two years in that the jury failed to state whether they found him guilty of an assault to murder with or without malice. The indictment charged that appellant, with malice aforethought, made an assault with intent then and there to murder Jimmie Poulos. The verdict reads as follows: "We, the jury, find the defendant guilty as charged in the indictment and assess his punishment at two (2) years in the State Penitentiary."

In the case of Onderdonck v. State, 139 S. W. (2d) 589, we held a verdict in the same language to be sufficient because the jury made the charging part in the indictment a part of its verdict by reference thereto. See Lewis v. State, 86 Tex. Cr. R. 135, and cases there cited; also Davis v. State, 110 Tex. Cr. R. 605. In the case of Bryant v. State, 54 Tex. Cr. R. 65, Judge Ramsey, speaking for the court, said: "We approve the holding of this court not infrequently made that verdicts are to have a reasonable intendment and construction, and are not to be avoided, unless from necessity originating from doubt of their import or immateriality of the issue found, or their mani-

fest tendency to work injustice, or their failure to contain that which some express provisions of the statute requires they should contain."

All other matters complained of have been carefully reviewed by use and are deemed to be without merit.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.