RAYMOND M. FLORES V. STATE.

No. 30,149. Novmber 26, 1958.
Motion for Rehearing Overruled January 14, 1959.

*Lee Minner* and *John W. Patin,* San Antonio, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney, *Roy H. Garwood, Jr.,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is carrying a pistol; the punishment, 30 days in jail.

Detective Roberson of the San Antonio police testified that, in company with a liquor control and a vice squad officer he went to Moncivello's Tavern at 1:00 A.M. on the night in question and, as he entered, saw the appellant seated on a bar stool on the customer's side of the bar with his head down on his arms on the bar and a bottle of beer nearby. He stated that he said, "Say, Buddy, sit up," and that the appellant reached in his belt, withdrew a pistol, and threw it back of the bar. A search of the appellant's person revealed additional bullets for the pistol; the pistol was recovered, and appellant was arrested. According to the officers, the appellant was intoxicated at the time.

Appellant, testifying in his own behalf, stated that he was employed at the bar on the night in question, denied that he had the pistol on his person, and stated that he thought the officers were robbers and went behind the bar to get his pistol but that it fell on the floor.

This disputed issue of fact was submitted to the jury under appropriate instructions, was resolved by them adversely to the appellant, and we find the evidence sufficient to support the conviction.

The sufficiency of the verdict to support the judgment is challenged. It read: "We, the jury, find the defendant, Raymond M. Flores, guilty of carrying a gun on his person and *accesst thirth* days in jail."

It will be seen that the words "assess" and "thirty" were misspelled. The court in his charge properly charged the jury on the possible penalty which they might impose.

In Hamilton v. State, 34 S.W. 280, the word "assess" was spelled "apess," and this court held that the misspelling would not vitiate the verdict.

In Krebs v. State, 3 Texas App. 348, this court upheld a verdict which "sess" the punishment at "deth."

See also Taylor v. State, 5 Texas App. 569; Curry v. State, 7 Texas App. 91; McCoy v. State, 7 Texas App. 379; Hoy v. State, 11 Texas App. 32; Shelton v. State, 11 S.W. 457; Birdwell v. State, 20 S.W. 556; Stepp v. State, 31 Texas Cr. Rep. 349, 20 S.W. 753; Roberts v. State, 82 Texas Cr. Rep. 83, 24 S.W. 895; Harris v. State, 34 S.W. 922; Price v. State, 36 Texas Cr. Rep. 403, 37 S.W. 748; McGee v. State, 39 Texas Cr. Rep. 190, 45 S.W. 709; Smith v. State, 63 Texas Cr. Rep. 183, 140 S.W. 1096; Smith v. State, 287 S.W. 51; and Dixon vs. State, 159 Texas Cr. Rep. 258, 262 S.W. 2d 488.

Finding no reversible error, the judgment of the trial court is affirmed.