PRADA McGEE AND M. FULLER v. THE STATE.

No. 1471. Decided April 20, 1898.

**1.   Degrees in Crime—Rape and Assault With Intent to Rape—Uncertain Verdict.**

Article 751, Code of Criminal Procedure, provides that "Where a prosecution is for an offense consisting of different degrees, the jury may find the defendant not guilty of the higher degree, naming it, but guilty of any degree inferior to that charged in the indictment or information." Held, on a trial for rape, where the court submitted to the jury both rape and assault with intent to rape, and the verdict was, "We the jury find the defendant guity as charged in the indictment;" this was a finding that the defendant was guilty of rape, notwithstanding the punishment assessed, fifty years, was such as might have been assessed on a conviction for assault to rape. Overruling Guest v. State, 24 Texas Criminal Appeals, 530.

**2.   Same—Construction of Statute.**

Article 751, Code of Criminal Procedure, draws a distinction between the degree which is directly and affirmatively charged in the indictment and the lesser degrees of the same offense which are charged by inclusion. The article only contemplates such included offenses of lesser degree as are necessarily included by inference within the allegations as distinguished from the higher degree directly and affirmatively charged; and a verdict which responds to the higher offense directly charged is not uncertain because it might apply also to an included offense of lesser degree not so charged. Overruling Guest v. State, 24 Texas Criminal Appeals, 530.

**3.   Verdict—Misspelling the Word "Guilty."**

Formerly the misspelling of the word "guilty," in a verdict, was held to invalidate it. Under later decisions the rule, as it now obtains, is that where the sense is clear, neither incorrect orthography nor ungrammatical language will render a verdict illegal or void; that verdicts are to be reasonably construed and in such manner as to give the meaning intended to be conveyed by the jury. (Collating all authorities.)

APPEAL from the District Court of Robertson. Tried below before Hon. W. G. TALIAFERRO.

Appeal from a conviction for rape; penalty, fifty years imprisonment assessed against each appellant.

The indictment charged appellants jointly with rape, committed on the 9th day of January, 1898, upon Martha Green, a female under the age of 15 years.

The record in this case shows that the parties in this case were negroes. That the prosecutrix, Martha Green, was between 12 and 13 years of age. That the occurrence took place on the night of Sunday, January 9, 1898. The two defendants came to the house where Martha Green was living, the same being a one-room house; and when they came in there were pres--

ent in the house, besides the prosecutrix, her mother, who was insane; her brother, who was a boy about 9 years of age, and a man by the name of Fred Milton, who was 40 years of age. After talking to the girl, who was writing upon a slate, for awhile, the defendants proposed to the girl that she would go with them out to a buggy to get some pecans. She declined to do so, when they seized hold of her and both of them carried her out of the house by force, and around behind a little smokehouse, which was but a short distance off, and there laid her down, and McGee held her while Fuller ravished her, he (McGee) at the same time having drawn a pistol with which he stood off Fred Milton and ordered him to leave. McGee, after Fuller had accomplished his purpose, got on top of the girl and he too ravished her. These are the main facts as sworn to by Martha Green, the prosecutrix, Joe Green, her brother, and the man Fred Milton. Joe Green and Fred Milton both swear that they witnessed the whole transaction.

No further statement is necessary.

No brief on file for appellants.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellants were charged with rape upon Martha Green. The jury returned the following verdicts: "We the jury find the defendant Prada McGee guity as charged in the indictment, and assess his punishment at confindment in the State penitenitory for a tearm of fifty years. T. A. Smith, Foreman." And: "We the jury find the defendant Maryland Fuller guity as charged in the indictment, and assess his punishment at confindment in the State penitenitory for a term of fifty years. T. A. Smith, Foreman." The court submitted to the jury rape and assault to rape. The punishment for assault to rape is confinement in the penitenitary for any term not less than two years; the punishment for rape is death, or confinement in the penitentiary for life, or any term of years not less than five. Fifty years confinement in the penitentiary is a legal punishment for either offense. Rape includes an assault with intent to commit rape. Now, the contention of appellant is that the above verdicts are insufficient to support the judgments; that, as fifty years may be the punishment for an assault to rape, and as rape and assault to rape were submitted to the jury, the verdicts should have stated for which offense the defendants were convicted. This proposition is absolutely correct. But the question is whether the verdicts fail to so state. Article 751, Code of Criminal Procedure, provides: "Where a prosecution is for an offense consisting of different degrees, the jury may find the defendant not guilty of the higher degree, naming it, but guilty of any degree inferior to that charged in the indictment or information." The question is not before us as to whether the jury convicted the defendant of a lesser degree than that charged. The question is whether

the jury convicted the parties of the degree charged in the indictment in this case. What was the higher degree charged in the indictment? Evidently it was not an assault with intent to rape, but was rape. Now, how do the verdicts read? "We the jury find the defendant guity as charged in the indictment." The charge in the indictment was for rape. Assault with intent to rape was charged in one sense, which was by inclusion. It evidently was not charged directly, for, if so, article 751 could never have any practical operation. This article expressly provides that the accused can be convicted of an inferior degree to that charged in the indictment. Now, if this inferior degree was not charged in the indictment, either directly or by inclusion, the parties could not be convicted legally at all, because a conviction can not be legal without allegations. This article settles the question. It draws the distinction clearly between the charged degree,—that degree which is set forth in the indictment and that degree of offense which is charged by inclusion. If assault to rape was charged in the indictment, within.the meaning of this article, so was aggravated assault and simple assault, and so was an attempt to rape. If, then, these degrees were all charged, within the meaning of this article, to give the article practical effect the accused could be convicted of some offense not charged at all. To restate: We understand article 751 to draw a distinction between the degree which is charged directly and affirmatively in the indictment and the lesser degrees of the same offense, which are charged by inclusion. This article says that in substance by stating: "But guilty of any degree inferior to that charged in the indictment or information." Now, the verdicts in this case find the defendants guilty as "charged in the indictment:" and when we look to the indictment nothing is affirmatively charged except rape. While it is true, he is charged with assault to rape, aggravated assault, etc., by inclusion, yet that manner of charging is not that which is meant by article 751, but it means directly and affirmatively charged. The verdict is the same as if it were, "We the jury find the defendant guilty of rape," because it says that which is the equivalent thereto, "We the jury find the defendant guilty as charged in the indictment," which is rape, and nothing else. Let us suppose that the appellants on another trial should interpose a plea of acquittal of rape. Their plea would be worthless. Why? Because the jury have convicted of rape, the offense charged in the indictment. We do not wish to elaborate this question any further.

We have examined the case of Slaughter v. State, 24 Texas, 410, and we do not believe the views above expressed antagonize the opinion of Judge Roberts in that case. On the contrary, we believe the reasoning in that case is in consonance with this opinion. We also believe that we are supported by the opinion of the court in Nettles v. State, 5 Texas Criminal Appeals, 386. However, the case of Guest v. State, 24 Texas Criminal Appeals, 530, holds the contrary view to those herein expressed, and we accordingly overrule said case.

Appellant contends that the verdicts of the jury should be held null and void because certain words are misspelled. We quote the verdicts as

follows (both being alike) : "We the jury find the defendant guity as charged in the indictment, and assess his punishment at confindment in the State penitenitory for a term of fifty years." Formerly this character of verdict was held so uncertain in its terms as not to afford the basis of a judgment, and a number of cases were reversed on the imperfect spelling of the word "guilty." See Taylor v. State, 5 Texas Criminal Appeals, 569; Curry v. State, 7 Texas Criminal Appeals, 91; Wilson v. State, 12 Texas Criminal Appeals, 481; Harwell v. State, 22 Texas Criminal Appeals, 251. But since the rendition of the last mentioned case the rule has been different. This court has held a number of verdicts in which the word "guilty" was misspelled, being written in some "guitty," "guily," "guitly," sufficient; the rule being that, where the sense is clear, neither incorrect orthography nor ungrammatical language will render a verdict illegal or void, and that it is to be reasonably construed, and in such manner as to give it the meaning intended to be conveyed by the jury. See Birdwell v. State (Texas Crim. App.), 20 S. W. Rep., 556; Shelton v. State, 27 Texas Crim. App., 443; Stepp v. State, 31 Texas Crim. Rep., 349; Attaway v. State, 31 Texas Crim. Rep., 475; Roberts v. State, 33 Texas Crim. Rep., 84; Harris v. State (Texas Crim. App.), 34 S. W. Rep., 922; Price v. State, 36 Texas Crim. Rep., 403. We have been particular to cite the authorities, so that hereafter no one may claim to have been misled through ignorance as to what the holdings of this court have been on this subject. A little care and attention on this subject would save this court much trouble as to matters of this character. The judgment is affirmed.

*Affirmed.*