### ROBERT ONDERDONCK V. THE STATE.

No. 20909. Delivered April 3, 1940.
Rehearing Denied May 15, 1940.

The opinion states the case.

*Baldwin & Jernigan,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is assault to murder with malice; the punishment assessed is confinement in the State penitentiary for a term of three years.

The record shows that on the day in question there was a seaman's strike in progress in Port Arthur, Texas. Appellant, who was a strike breaker, came to the docks in a car driven by his mother. As their car passed by or through a line of strikers, appellant without any cause or provocation,

shot one of the strikers. He and his mother both testified that about two weeks prior thereto, some of the strikers threw rocks, brickbats, etc., at their car as they were leaving the docks, breaking the windshield of their car. On the day in question, some one of the strikers stepped in front of their car and another one attempted to get on the running board. Whereupon appellant shot his pistol, not with the intent to kill, but to scare them. The jury found appellant guilty as charged in the indictment and assessed his punishment as above stated. We deem the evidence sufficient to sustain his conviction.

The first complaint urged is that the verdict is not sufficient, in that it fails to state whether the jury found him guilty of an assault to murder with or without malice. The verdict reads as follows: "We the jury find the defendant guilty of assault to murder as charged in the indictment, and assess his punishment at confinement in the state penitentiary for a term of three years."

The indictment contained but one count charging appellant with the offense of an assault to murder with malice aforethought. When the jury found him guilty as charged in the indictment, they found him guilty of an assault with intent to murder with malice. The jury made the charging part of the indictment a part of their verdict as much so as if they had incorporated it therein. In support of what we have said we refer to the case of Lewis v. State, 217 S. W., 695. The case of Pleasant v. State, 128 S. W. (2d), 813 (814) is distinguishable. In that case, the verdict did not contain the words "as charged in the indictment."

There are two bills of exceptions in the record. Both of these bills complain of the action of the trial court in overruling appellant's motion for a new trial and they will be considered together. It is made to appear from these bills and the testimony which was adduced upon the hearing of the motion for a new trial that after the jury had been out deliberating for some time, they encountered some difficulty in agreeing upon the meaning of the term "during good behavior" which the court had used in his charge relative to appellant's plea for a suspension of sentence. They filed back into court and asked the trial court to define said term. Appellant was present but his counsel was absent. The trial judge made an attempt to secure the presence of appellant's counsel, but was unable to do so. He then charged the jury orally that in order

to have a suspension of sentence revoked it was necessary for defendant to be thereafter convicted of a felony. Appellant, who was present during these proceedings, made no objection thereto. Later when counsel for appellant returned to the court room, and while the jury were still deliberating, the court informed him of the proceedings, but he made no objection thereto and permitted the matter to rest there until after the jury returned their verdict. The first complaint urged to the proceedings was in his motion for a new trial. Appellant does not contend that the instruction given was incorrect, but that the manner in which it was given constituted the error. He strenuously insists that the oral instruction to the jury in the absence of his counsel was fundamental error of which he might complain for the first time in his motion for a new trial. He bases his contention on Art. 679 C. C. P. which reads as follows: "In felony cases, but not in misdemeanor cases, the defendant shall be present in court when any such proceeding is had as mentioned in the last three preceding articles, AND HIS COUNSEL SHALL BE CALLED."

The three preceding articles have reference to communications by the jury with the court in asking for further instructions or in having witnesses recalled for the purpose of repeating their testimony on a disputed point, etc.

The authorities hold that in most cases such additional instructions must be requested and given *in open court and in the presence of the defendant.* Such matter can be raised for the first time on motion for new trial. See Schafer v. State, 40 S. W. (2d), 147 and authorities cited. See also Vaughn v. State, 102 Tex. Crim. Rep., 207, 277 S. W., 646 where it is stated that:

"* * * These provisions of the Statute were intended to give effect to the provisions of the Bill of Rights guaranteeing a public trial."

But said statutes have not been construed as mandatory where *appellant's counsel* voluntarily absents himself from the courtroom and the defendant is present when the additional instructions are asked. The court, after making a reasonable effort to secure counsel's presence, may proceed to give such instructions as are deemed necessary. In Garcia v. State, 96 Tex. Crim. Rep., 324 (326) appellant's counsel was absent and was called by the sheriff, but after waiting some time the court gave a special charge on circumstantial evidence in his absence. Such proceedings were held not to be error. In Har-

rison v. State, 69 Tex. Crim. Rep., 291, (300), the court gave further instructions in reply to a written inquiry of the jury in the absence of appellant's counsel, just as was done in this case. In Wesley v. State, 67 Tex. Crim. Rep., 507 (509), it was held not to be error in the absence of appellant's counsel to allow the court reporter to read the testimony of a material witness in the case. The court there tried to find appellant's counsel, but was unable to do so. In McClellan v. State, 118 Tex. Crim. Rep., 473 (479), the jury in open court requested additional instructions and they were given by the trial judge. Counsel in that case was voluntarily absent and beyond reach of the court. No exception was taken by appellant at the time of the instructions. On rehearing this court said: "It appears that appellant's attorney had voluntarily absented himself, being called on business to a distant city. Obviously the trial court could not be compelled to delay the trial in order to submit this answer to counsel. Had his attorney been present it would appear to have made no difference. We cannot conceive how the court could have elaborated upon the simple direct answer made to the jury's question, nor could any elaboration have made more manifest, or made an answer more responsive."

We do not think that under the circumstances appearing from the record, the matter here complained of is of such a nature as could be brought up for the first time on motion for a new trial. In this case appellant's counsel knew about the matter before the verdict was reached, but made no objection and made no request that the jury be brought back and the instructions given in writing. If counsel, in such cases, knowing the law, voluntarily absent themselves from court, and the court makes a reasonable effort to procure their attendance but fails, we do not think it necessary for the court to refuse to receive or consider the jury's request presented in a proper manner, or indefinitely hold the jury awaiting the return of counsel. To hold otherwise would put an unreasonable burden on the court and jury.

It is noted that the trial court failed to make application of the Indeterminate Sentence Law as provided in Art. 775 C. C. P. Sentence will be amended to direct appellant's confinement in the penitentiary for not less than two nor more than three years and as thus reformed the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

After carefully re-examining the record in the light of appellant's motion for rehearing, we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.