H. C. PIERATT V. THE STATE.

No. 21313.   Delivered December 18, 1940.

Rehearing Denied January 29, 1941.

46

The opinion states the case.

*C. C. Jopling,* of La Grange, for appellant.

*John C. Marburger,* County Attorney, of La Grange, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is knowingly receiving stolen property under the value of $50.00. The punishment assessed is a fine of $50.00.

Appellant first complains of the action of the trial court in overruling his motion to quash the indictment on the ground that it was not charged therein whether the alleged value of the stolen property was the wholesale or retail price. The total value of the property stolen was alleged to be Seven Dollars and Twenty-one Cents. This was sufficient to admit proof of its market value at the time and place of the taking. The State was not required to plead its evidence. The market value of the stolen

property was a matter of proof according to the well-established rules of evidence. We therefore overrule this contention.

Bill of Exception No. 2 was disallowed by the trial court on the ground that no objection was made to the testimony at the time it was offered. Consequently we are not authorized to consider the same.

By Bills of Exception Nos. 3 and 4 appellant complains of the court's action in declining to instruct the jury to return a verdict of not guilty. His contention was then and is now that the evidence is insufficient to justify and sustain a conviction. We are not in accord with his contention. The State's testimony shows that on the day in question two negro boys, who admitted stealing the grease cups, faucets and pipes from two cotton gins located in the town of La Grange, borrowed some wrenches and towsacks from appellant, and later in the day they returned to appellant's place of business with the stolen property in the sacks and sold it to him at two and one-half cents per pound; that when they brought it to appellant's place of business it had some iron and wood handles on it, and the oil or grease cups were glass bulbs encased in brass; that he (appellant) requested them to break these cups. The character of the property itself showed that it was taken from some machinery, the kind and character of which the negro boys would not be likely to own or possess.

It was shown by the testimony of the sheriff that when the theft of the property was reported to him he went immediately to the appellant and inquired of him if he had purchased some brass faucets and cups. He denied that he had purchased any such property. The sheriff then located the negro boys and questioned them. They admitted that they had stolen the property and sold it to appellant. The sheriff then went back to appellant and again inquired of him if he had not purchased from certain named negro boys the property described. He at first denied it saying that he did not know the negroes, but after the sheriff had given him a description of the negro boys he then admitted that he had purchased some property from them.

At his trial the defendant took the witness-stand and admitted that he purchased the alleged stolen property from the negro boys but denied that he knew it was stolen property or that he concealed it. He admitted that he bought it at two and one-half cents per pound and sold it at four or four and one-half cents per pound. That appellant bought the property in question is not controverted; that he paid two and one-half

cents per pound and sold it for four cents per pound is not controverted. Consequently the only controverted issues are: First, did he know or have good reason to believe, at the time that he purchased the property, that it was stolen, and second, did he conceal it? That he concealed it is in our opinion shown by the fact that when the negro boys brought the property to him he demanded that they break it up. This was changing the appearance of the property so that the owners would not likely be able to recognize it when they saw it, which in effect was tantamount to concealment. Whenever stolen property is changed so that its owners would not likely recognize it if they saw it, this is deemed to be a concealment. See Tex. Jur. Vol. 36, p. 343, sec. 15, and cases cited in notes.

With reference to the issue of knowingly receiving stolen property, we think that the facts and circumstances proven, as hereinabove set out, are sufficient to justify the jury's conclusion that appellant knew that it was stolen property.

Bills of Exception Nos. 5 and 6 have been carefully considered by us and are deemed to be without merit.

Bill of Exception No. 7 reflects the following occurrence: The court prepared his charge in which he gave to the jury two forms of a verdict which they might used as a guide in writing their verdict according to their finding. The form to be used by them in case they found him guilty contained a blank space in which to insert the amount of fine. The other was a form of a verdict to be followed in case they found him not guilty. This charge was submitted to appellant and his attorneys before it was read to the jury. No objection was urged to that part of the charge containing the forms of a verdict. After appellant had made such objections to the main part of the charge as he deemed proper, the court then read the charge to the jury, and at the conclusion of the arguments the charge was delivered to the jurors who took it with them to the jury room where, after some discussion of the case, they wrote their verdict upon a separate slip of paper and returned it into court together with the charge. Some four days later it was discovered that the figures $50.00 were written with a pen and ink in the blank space of the form of the verdict. The County Attorney then filed a motion asking the court to strike the figures "$50.00" from the blank form of the verdict incorporated in the court's main charge, or to file his finding of fact showing how it came to be therein. Appellant admits that the figures "$50.00" were not in the form of a verdict of the court's charge

at the time the court submitted the charge to his (appellant's) attorneys for examination; nor did the court, in reading the charge to the jury, mention the fact that the figures "$50.00" appeared in the form of the verdict incorporated in the court's main charge. Consequently the court was justified in concluding that the jury, in their retirement, inserted the figures "$50.00" in the blank space of the form of the verdict and later wrote the verdict upon a separate sheet of paper and returned it together with the charge into court. If the jury inserted the figures "$50.00" in the blank form of the verdict, then no injury resulted to appellant, and if some other person wrote the figures "$50.00" in the blank form of the verdict after the jury had returned their verdict into court, it certainly could not have had any influence upon the jury in assessing the appellant's punishment at that sum because they had already completed their labors. We therefore overrule his contention.

Appellant next contends that the verdict of the jury which reads as follows: "We, the jury, find the defendant guilty as charged in the indictment of receiving property of the value of less than Five Dollars and assess his punishment at $50.00," is too uncertain and indefinite upon which the court could legally base a judgment. We are not favorably impressed with his contention. The jury said, "We, the jury, find the defendant guilty as charged in the indictment." Consequently, by referring to the allegations in the indictment, the same are made a part of the verdict as much so as if the jury had expressly incorporated the charging part of the indictment in their verdict. See Onderdonck v. State, 139 S. W. (2d) 589, and cases there cited.

From the opinion of Judge Ramsey in the case of Bryant v. State, 54 Texas Cr. R. 65, we take the following quotation:

"We approve the holding of this court not infrequently made that verdicts are to have a reasonable intendment and construction, and are not to be avoided, unless from necessity originating from doubt of their import of immateriality of the issue found, or their manifest tendency to work injustice, or their failure to contain that which some express provisions of the statute requires they should contain."

Appellant contends that the court committed reversible error in declining, at the conclusion of the evidence, to sustain his motion for an instruction to the jury to return a verdict of not guilty inasmuch as the State had failed to corroborate the testimony of the negro boys to the effect that they sold the property in question to appellant. If appellant felt that his

contention was well founded, he should have declined to have offered any evidence, but when he went on the witness-stand and testified that he purchased the property in question, he aided the State by supplying the necessary evidence which closed the gap in the State's case.

No error of a reversible nature having been discovered in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant again urges that the evidence fails to show his guilt. Further consideration of the facts does not change the conclusion announced originally upon such contention.

In our original opinion the following expression was used:

"Did he (appellant) know or *have good reason to believe* at the time he purchased the property that it was stolen?"

Appellant says in his motion for rehearing that by reason of the expression quoted he construes the opinion to announce if appellant had good reason to believe that the property was stolen it would justify a conviction of receiving property *knowing* it was stolen. The case was neither tried nor submitted to the jury upon such a theory, nor was it intended to be decided by us on such theory. The trial court specifically instructed the jury that before a conviction could result they must find beyond a reasonable doubt two things:—

"(a) that the property alleged to have been stolen was acquired by theft by some other person; (b) that the defendant knowing it to have been so acquired, fraudulently received the same. If any one of these essential elements is wanting, the defendant can not be convicted and is entitled to be acquitted."

In applying the law the court required the jury to find that appellant "knew that said property was acquired by theft" at the time he received it.

In our original opinion we said: "We think that the facts and circumstances proven, as hereinabove set out, are sufficient to justify the jury's conclusion that appellant knew that it was stolen property." Such is the holding upon which the judgment

of affirmance rests. We remain of the opinion that the facts support the judgment and justify the affirmance.

The motion for rehearing is overruled.