Johnnie R. JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 63034

Court of Criminal Appeals of Texas,
Panel No. 1.

April 16, 1980.

Larry D. Dowell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann, and Tom Royce, Asst. Dist. At-

tys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for murder. Appellant waived trial by jury and entered a plea of guilty before the trial court. Punishment was assessed at eight (8) years imprisonment.

In his sole ground of error, appellant contends that the trial court erred in failing to fully admonish him as to the consequences of his plea. He contends that the court should have warned him that he was not eligible for probation, after it became apparent that appellant was urging the court to grant him probation. We do not agree that appellant was ineligible for felony probation, and we do not find error in the trial court's failure to so admonish him.

Appellant bases this contention upon Article 42.12, Sec. 3f(a)(2), which provides that the trial court may not grant probation to:

"(2) . . . a defendant when it is shown that the defendant used or exhibited a deadly weapon as defined in Section 1.07(a)(11), Penal Code, during the commission of a felony offense or during immediate flight therefrom. Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, *the trial court shall enter the finding in the judgment of the court.* Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, *the court shall enter that finding in its judgment.*" (Emphasis added)

Appellant asserts that since he pled guilty to the offense of murder, where he was charged with shooting the deceased with a gun, this statutory provision prevented the

possibility of his receiving probation. We do not agree.

According to the provisions of the statute itself, this provision is only applicable when the trial court makes an *affirmative finding* and *enters* such finding on the judgment of conviction. The judgment of conviction in the instant case reflects no such affirmative finding, nor does the record in any other place. There is no such notation on the judgment of conviction. Accordingly, we cannot agree with the premise upon which appellant bases his ground of error, i. e., that he was ineligible for probation. This ground of error is overruled.

The judgment is affirmed.