**Roger V. DELGADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00460–CR.**

Court of Appeals of Texas, San Antonio.

Sept. 12, 1984.

David Chapman, San Antonio, for appellant.

Bill White, Dist. Atty., Joseph W. Galenski, Roy Carper, Asst. Criminal Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and ESQUIVEL and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction of murder. Appellant waived indictment and was charged by information. Appellant also waived a jury, entered a guilty plea, and submitted himself to the court for punishment, which, after denying probation, assessed his punishment at ten years' confinement in the Texas Department of Corrections.

Appellant raises three grounds of error, which will be addressed in turn.

Ground of error one complains that the appellant was denied the effective assistance of counsel because his attorney held out to him the possibility of probation despite the fact that he was ineligible for probation under the provisions of TEX. CODE CRIM.PROC.ANN. art. 42.12,

§ 3f(a)(2) (Vernon 1979).[1] In his brief, appellant contends that because he used a deadly weapon, it was legally impossible for him to receive probation and therefore, counsel was ineffective. We disagree.

■ In Texas, a judge has the authority to grant probation after a plea of guilty. TEX.CODE CRIM.PROC.ANN. art. 42.12 (Vernon 1979). Section 3 of that article clearly states that probation may be granted after a guilty plea to *any* crime, where the maximum punishment assessed against the defendant does not exceed ten years. Where the plea is to the court and a motion for probation is filed, the court has absolute, unreviewable discretion to grant or deny probation.

Appellant relies for his contention on the exceptions to eligibility for probation found in TEX.CODE CRIM.PROC.ANN. art. 42.-12, § 3f(a)(2) (Vernon 1979). That section states that a defendant is not eligible for probation "when it is shown that the defendant used or exhibited a deadly weapon...." *Id.* The section further requires, however, that:

> [u]pon affirmative finding that the defendant used or exhibited a deadly weapon ... the trial court shall enter the finding in the judgment of the court. Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter that finding in its judgment.

*Id.*

In *Jones v. State,* 596 S.W.2d 910 (Tex. Crim.App.1980), the Court of Criminal Appeals held that section 3f(a)(2) only applies when there is an affirmative finding that the defendant used or exhibited a deadly weapon, and such is entered in the judgment of conviction. *Jones,* 596 S.W.2d at 911. Further, having the court assess punishment, as distinguished from a jury, has no bearing whatever on the possibility of

probation. *See* TEX.CODE CRIM.PROC. ANN. art. 4212, §§ 3, 3a (Vernon 1979).

■ The judgment in this case does not reflect an affirmative finding that the defendant used a deadly weapon, nor does it reflect that the deadly weapon used was a firearm. Article 42.12, § 3f(a)(2) has no application to this case. These facts, coupled with the fact the court accepted the application of probation, deferred sentencing pending a presentence report and referred the appellant to the probation department, evinces an intent not to find appellant used a deadly weapon. Appellant's argument that he was ineligible for probation is clearly without merit and is overruled.

■ In ground of error two, appellant contends that the court erred in failing to admonish him that he could not be granted probation if he chose to have the court assess punishment. This ground is overruled on the basis of our discussion above. Assuming, arguendo, that the appellant was not eligible for probation, there is no duty on the trial court to admonish a defendant that he might not receive probation. *Brown v. State,* 478 S.W.2d 550, 550 (Tex.Crim.App.1972). The court properly admonished the defendant as regards guilty pleas pursuant to TEX.CODE CRIM. PROC.ANN. art. 26.13 (Vernon Supp.1984). Finding no error, we overrule appellant's ground of error two.

■ In ground three, the appellant contends that the judgment is erroneous in stating the appellant was charged by indictment. We note that this was a "form" judgment. The appellant's contention is correct in that he did, in fact, waive indictment and agree to be charged by information. The State argues, and we agree, that in the case of a voluntary and informed plea of guilty, all non-jurisdictional defects are waived. *Fierro v. State,* 437 S.W.2d 833, 834 (Tex.Crim.App.1969). Jurisdiction

---

1. Originally enacted as the Prisoners—Supervision and Release Act, ch. 347, § 2, 1977 Tex. Gen.Laws, 925, 926, *amended by,* Act of June 19, 1983, ch. 977, § 10, 1983 Tex.Sess.Law Serv. 5320 (Vernon). Although section 3f(a)(2) appears in the session laws, there is no change in its language. Therefore, subsequent citation will be to the version in the Code of Criminal Procedure.

was acquired when the appellant waived indictment and agreed to be charged by information. There is no jurisdictional defect, thus any other error is waived.

The State argues that this court need not reform the defect in the judgment under the doctrine of "de minimus non curat lex." We disagree. Pursuant to TEX.CODE CRIM.PROC.ANN. art. 44.24, (b) (Vernon Supp.1984), we reform the judgment to recite that the appellant waived indictment and was charged by information. *Alexander v. State*, 496 S.W.2d 86, 87 (Tex.Crim. App.1973).

The judgment of the trial court, as modified, is affirmed.

CADENA, Chief Justice, dissenting.

The conviction should be reversed because of ineffective assistance of counsel.

The information charged that appellant intentionally and knowingly caused the death of Mary Esther Delgado "by shooting the said Mary Esther Delgado with a gun." In his judicial confession appellant admitted that he intentionally and knowingly caused the death of Mary Esther Delgado "by shooting the said Mary Esther Delgado with a gun."

It is clear that the allegation that appellant caused the death of his victim by "shooting" her "with a gun" charged the offense of murder by use of a deadly weapon. *Chavez v. State*, 657 S.W.2d 146 (Tex. Crim.App.1983). The *Chavez* holding finds ample support in *Hart v. State*, 581 S.W.2d 675 (Tex.Crim.App.1979) that an allegation that the accused attempted "to cause the death of [complainant] by stabbing [him] with a knife" is an allegation that a deadly weapon was used in the commission of the offense.

Article 42.12, § 3f(a)(2), TEX.CODE CRIM.PROC.ANN. (Vernon 1979)[1] prohibits the grant of probation to a defendant when it is shown that he used or exhibited

a deadly weapon during the commission of a felony. The statute then provides:

> Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense ... the trial court shall enter the finding in the judgment of the court.

An indictment or, where indictment has been waived, an information charging the offense of murder must allege the means used to commit the offense, if such means are known to the grand jury. *Hawkins v. State*, 660 S.W.2d 65, 74 (Tex.Crim.App. 1983). The prosecution must prove, beyond a reasonable doubt, that the offense was committed in the manner and by the means alleged in the accusatory pleading. *Ray v. State*, 160 Tex.Cr.R. 12, 266 S.W.2d 124, 128 (1954). As applicable to this case, these requirements simply mean that the trial court could not find appellant guilty of murder unless it found, beyond a reasonable doubt, that appellant killed his victim by shooting her with a gun. Stated differently, a finding of guilt could not be made without a finding that appellant used a deadly weapon in committing the offense. Absent such a finding which is, of course, an affirmative finding, the only permissible action in this case would have been a rejection of the guilty plea.

As the majority points out, a panel of the Court of Criminal Appeals held, in *Jones v. State*, 596 S.W.2d 910 (1980), that ineligibility arises only when (1) an affirmative finding is made that a deadly weapon was used, and (2) such finding is entered in the judgment. The Court said: "The judgment of conviction in this case reflects no such affirmative finding, nor does the record in any other place. There is no such notation on the judgment of conviction. Accordingly, we cannot agree with the premise upon which appellant bases his ground of error, i.e., that he was ineligible for probation." 596 S.W.2d at 911.

---

1. Originally enacted as the Prisoners—Supervision and Release Act, ch. 347, § 2, 1977 Tex. Gen.Laws, 925, 926, *amended by*, Act of June 19, 1983, ch. 977, § 10, 1983 Tex.Sess.Law Serv. 5320 (Vernon). Although section 3f(a)(2) appears in the session laws, there is no change in its language. Therefore, subsequent citation will be to the version in the Code of Criminal Procedure.

There is one apparent distinction between the question before the Court in *Jones* and the question raised by appellant in this case. In *Jones,* defendant contended that the trial court erred in failing to admonish him concerning the consequences of his plea of guilty by not warning him that he was ineligible for probation. In this case, appellant does not complain of the trial court's action. His contention is that his attorney failed to warn him properly concerning his ineligibility for probation. Certainly, the fact that a trial judge is under no duty to advise appellant concerning probation does not mean that appellant's attorney is under no such duty. The trial judge does not represent the defendant. It is the attorney who is in the courtroom in the role of advocate, occupying a fiduciary role vis-a-vis his client. If it be argued that the trial court's duties are the same as those of counsel for the accused, then our constitutional guarantee of effective assistance of counsel would be meaningless. Why should a defendant have need for counsel when, sitting on the bench, is a person obligated to do everything that counsel is under a duty to do?

The conclusion in *Jones* is based on the assumption that the judgment in that case did not contain an affirmative finding that a deadly weapon was used in the commission of the offense. It is apparent that this assumption was indulged because the attention of the Court was not called to the rules concerning the findings required to be made following a plea of guilty or to the rules for construction of judgments.

In *Jones,* defendant was charged with murder, and the indictment alleged that defendant had killed the deceased by shooting him with a gun. As already pointed out, the allegations of the indictment charged that defendant committed the offense of murder by use of a deadly weapon. Therefore, under the rules already discussed concerning the State's burden of proof, the trial court, in finding defendant guilty, was required to find that the murder was accomplished by use of a deadly weapon, since in the absence of such a finding the adjudication of guilt would have been impossible.

In *Ex parte Moser,* 602 S.W.2d 530, 533 (Tex.Crim.App.1980), defendant was charged with committing murder by shooting the deceased with a pistol, and the jury returned a verdict of guilty "as charged in the indictment." The Court of Criminal Appeals said:

> Under these circumstances, the verdict necessarily included a finding that the applicant committed murder by shooting the defendant with a pistol. Therefore, the verdict must amount to an affirmative finding that the applicant used a firearm in the commission of the offense.

In *Onderdonck v. State,* 139 Tex.Cr.R. 296, 139 S.W.2d 589 (1940), defendant was charged with assault to murder with malice. The jury returned a verdict finding defendant "guilty as charged in the indictment...." Defendant complained that the verdict failed to state whether he was guilty of an assault to murder with malice or of assault to murder without malice. The Court said:

> The indictment contained but one count charging appellant with the offense of an assault to murder with malice aforethought. When the jury found him guilty as charged in the indictment, they found him guilty of an assault with intent to murder with malice. The jury made the charging part of the indictment a part of their verdict as much so as if they incorporated it therein.

139 S.W.2d at 590. In *Pieratt v. State,* 141 Tex.Cr.R. 45, 146 S.W.2d 997, 999 (1940), the Court said:

> The jury said, 'We, the jury, find the defendant guilty as charged in the indictment.' Consequently, by referring to the allegations in the indictment, the same are made a part of the verdict as much so as if the jury had expressly incorporated the charging part of the indictment in their verdict.

Judge Hurt, one of the greatest lawyers who ever sat on the Court of Criminal Appeals, spoke to the point in *McGee v. State,* 39 Tex.Cr.R. 190, 45 S.W. 709, 710

(1898). There the defendant was charged with rape, and the jury returned a verdict finding him "guilty as charged in the indictment...." Defendant argued that the verdict did not establish whether he had been found guilty of rape or of assault with intent to rape, since the court's charge submitted both rape and assault with intent to rape. Judge Hurt said:

> Now, how do the verdicts read? 'We, the jury, find the defendant guilty of rape as charged in the indictment.' The charge in the indictment was for rape.... The verdict is the same as if it were, 'We, the jury, find the defendant guilty of rape,' because it says that which is the equivalent thereto, 'We, the jury, find defendant guilty as charged in the indictment,' which is rape and nothing else.

If a verdict that defendant is guilty "as charged in the indictment" is an affirmative finding that a deadly weapon was used when the indictment alleges the use of such a weapon, what basis is there for applying the same rule to a judgment, following a nonjury trial on a plea of guilty?

In this case the judgment recites that appellant entered a plea "of guilty to the offense charged in the indictment [sic]." The court found that appellant was guilty of murder "as charged in the indictment [sic]." Necessarily, the finding of guilt is an affirmative finding that appellant killed his victim "by shooting her with a gun," which is an affirmative finding that a deadly weapon was used in committing the offense. This affirmative finding appears in the judgment.

It cannot be argued that the judgment does not contain a finding that appellant killed the deceased by shooting her with a gun. If the court did not find that appellant shot the woman with a gun and nevertheless found him guilty, this would amount to a finding that appellant was guilty of an offense not charged, in which case the conviction would be void. *Milczanowski v. State*, 645 S.W.2d 445, 447 (Tex. Crim.App.1983).

The statute does not require a prescribed form for entering in the judgment the affirmative finding of use of a deadly weapon. Further, it states that if the affirmative finding is made, the trial court "shall enter the finding in the judgment of the court." The language is mandatory. Since, in order to find appellant guilty of murder "as charged in the indictment," the trial court had to find that a deadly weapon was used, it was under a mandatory duty to enter such finding in its judgment. Its failure to do so violated the clear statutory mandate and, if the statute requires that the judgment recited the finding *in haec verba*, we may reform the judgment to include the magic words, "I find that defendant used a deadly weapon in the commission of the offense." In that case, of course, the judgment would contain a double recital of the finding.

It should be pointed out that, unlike the situation in *Jones, supra*, the record reflects that, at the hearing on appellant's motion to reconsider the denial of probation, the trial court pointed out that appellant had taken the victim, appellant's wife, into a bedroom and "shot her."

The record reflects that appellant's counsel advised him to plead guilty and to make a judicial confession which admitted that he had used a deadly weapon in the commission of the offense. What appellant was advised to do was to plead guilty to the offense of murder by use of a deadly weapon, without being told that if the trial court accepted the guilty plea and found appellant guilty, this would necessarily include an affirmative finding that a deadly weapon was used, and that such finding would necessarily be reflected in the judgment finding appellant guilty. In short, appellant was not told that his application for probation was futile.

Under these circumstances, the assistance rendered by counsel fell short of being effective, and a plea of guilty entered in the hope of receiving probation is not, under these facts, a plea voluntarily made with full knowledge of the consequences. *See Ex parte Stansbery*, —— S.W.2d ——

(Tex.Crim.App., July 11, 1984, No. 69,274, not yet published); *Ex parte Young*, 644 S.W.2d 3 (Tex.Crim.App.1983); *McGuire v. State*, 617 S.W.2d 259 (Tex.Crim.App.1981).

I would reverse the conviction because, under the facts, the plea of guilty was not voluntary.

At the very least, the judgment should be reformed to reflect that the charging document was an information and not an indictment.