**Ex parte Steven P. LUCKE.**

**No. 01–87–00406–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 10, 1987.

Renato Santos, Jr., Houston, for relator.

John B. Holmes, Jr., Harris County Dist. Atty., Lynne W. Parsons, Lyn McClellan, Harris County Asst. Dist. Attys., Houston, for respondent.

JACK SMITH, Justice.

This is an appeal from the trial court's denial of a writ of habeas corpus. In his petition, appellant contends that the probation awarded by the trial court in 1983 was void, being in violation of Tex.Code Crim.P. Ann. art. 42.12, sec. 3g(a)(2) (Vernon Supp. 1987), and that his plea of guilty was not entered knowingly and voluntarily because it was due to an improper plea bargain arrangement.

On January 3, 1983, pursuant to a plea bargain, appellant pleaded guilty to aggravated assault. The trial court assessed his punishment at 10 years confinement, probated over 10 years. The State, on May 5, 1986, filed a motion to revoke probation. Following his arrest, appellant filed his petition for a writ of habeas corpus on April 21, 1987. The court denied his application, and he timely perfected appeal to this Court.

Appellant contends in his first point of error that the trial court's judgment of probation is void because it violates Tex. Code Crim.P.Ann. art. 42.12, sec. 3g(a)(2). He contends specifically that because the indictment alleged the use of a deadly weapon, the offense required the use of a deadly weapon, and he pleaded guilty as alleged in the indictment, that article 42.12 does not permit a court to grant probation.

In Texas, the judge has the authority to grant probation after a plea of guilty. Tex.Code Crim.P.Ann. art. 42.12 (Vernon Supp.1987). Section 3 states that probation may be granted after a guilty plea to any crime where the maximum punishment assessed against a defendant does not exceed 10 years. When the plea is to the court and a motion for probation is filed, the court has absolute, unreviewable discretion to grant or deny probation. *Delgado v. State*, 677 S.W.2d 776, 777 (Tex.App.—San Antonio 1984, no pet.).

Appellant relies on the exceptions to eligibility for probation found in section 3g(a)(2). That section states that the defendant is not eligible for probation "when it is shown that the defendant used or exhibited a deadly weapon...." *Id.* This section, however, also requires that:

> [u]pon affirmative finding that the defendant used or exhibited a deadly weapon ... the trial court shall enter the finding in the judgment of the court. Upon an affirmative finding that the deadly weapon used or exhibited was a firearm, the court shall enter that finding in its judgment.

*Id.*

In *Jones v. State*, 596 S.W.2d 910, 911 (Tex.Crim.App.1980), the Court of Criminal Appeals held that section 3f(a)(2), now section 3g(a)(2); applies only when there is an affirmative finding that the defendant used or exhibited a deadly weapon, and this finding is entered in the judgment of conviction. This affirmative finding must be a "separate and specific finding" entered by the trial court in addition to the recitation of the offense that appellant was convicted thereon. *Ex parte Hughes*, 739 S.W.2d 869 (Tex.Crim.App., 1987).

The Court of Criminal Appeals has expanded further the requirements for a proper deadly weapon finding under section 42.12, which applies to both parole and probation. Notice of the State's intention to request such a finding must be specifically pleaded (this pleading, however, need not be in the indictment). *Ex parte Patterson*, 740 S.W.2d 766 (Tex.Crim.App., 1987). This finding, too, must be "separate and specific" from the recitation of the offense in the judgment. *Ex parte Hughes*, 739 S.W.2d at 870.

These cases indicate that to have a valid deadly weapon finding, there must be: 1) proper notice to the defendant of the intent to request a deadly weapon finding; 2) a finding of guilt as to the offense by

the fact finder; 3) a finding of use of a deadly weapon in the offense by the fact finder; and 4) the entry of a "separate and specific" affirmative finding in the judgment by the court.

■ The judgment in this case does not reflect a "separate and specific" affirmative finding that the defendant used a deadly weapon. Therefore, article 42.12, sec. 3g(a)(2) has no application to this case. These facts, coupled with the fact that the court accepted the application for probation and referred appellant to the probation department, evidences an intent not to find that appellant used a deadly weapon. *See Delgado v. State,* 677 S.W.2d at 777.

The fact that the offense to which appellant pleaded guilty requires the use of a deadly weapon does not affect the outcome. Appellant admitted his use of the weapon, so the State met its burden of proving all elements of the offense. The trial court, as trier of fact, however, simply declined to enter the additional affirmative finding in the judgment.

Appellant's argument that he was ineligible for probation is overruled.

In light of our ruling on point of error one, we need not address appellant's second point of error.

The trial court's judgment is affirmed.

LEVY and HOYT, JJ., sitting.