Javier Gutierrez MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–92–00401–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 31, 1994.

Rehearing Overruled April 28, 1994.

Discretionary Review Refused
June 15, 1994.

E.J. Van Buren, Jr., R. Scott Shearer, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before SEARS and LEE, JJ., and MORSE, J. (Sitting by Assignment).

## OPINION

SEARS, Justice.

Appellant was found guilty by a jury of murder. The jury assessed punishment at 10 years probation and a seven hundred and fifty dollar fine, ($750.00), also probated. Appellant brings two points of error, both asking for reformation of the judgment. We affirm the judgment as reformed.

■ In his first point of error, Appellant maintains that the trial court erred in requiring that Appellant pay a fine as a condition of his probation, when the jury's verdict clearly stated that the fine was to be probated and not paid. When the jury recommends that a fine be probated and not paid, the trial court *cannot* order that the fine be paid as a condition of probation. *Goehring v. State,* 627 S.W.2d 159, 165 (Tex.Crim.App.1982).

■ The State maintains that because Appellant did not object to the trial court, he has waived the error and nothing is presented for review. However, an appellant is not barred from raising a defect in his sentence for the first time on appeal. *See, Heath v. State,* 817 S.W.2d 335 (Tex.Crim.App.1991);

*Vargas v. State,* 830 S.W.2d 656, 658 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd); and *McKibben v. State,* 687 S.W.2d 513, 517 (Tex.App.—Houston [14th Dist.] 1985, no pet).

■ When a trial court imposes an invalid condition of probation, the proper remedy is to reform the judgment by deleting the invalid condition. *Ex parte Pena,* 739 S.W.2d 50 (Tex.Crim.App.1987). Accordingly, we reform the judgment by deleting the requirement that Appellant pay the seven hundred and fifty dollar fine, and order that the judgment reflect that the fine is to be probated. Appellant's first point of error is sustained.

■ In his second point of error, Appellant claims that the trial court erred by assessing 120 days of confinement in the Texas Department of Criminal Justice—Institutional Division as a condition of his probation, because no affirmative finding on the use of a deadly weapon was made.

When no affirmative finding on the use of a deadly weapon is made by the trier of fact, the trial court cannot impose 120 days confinement in the Texas Department of Criminal Justice—Institutional Division as a condition of probation. *Ex parte Pena,* 739 S.W.2d 50, 51 (Tex.Crim.App.1987). In this case, the jury was the trier of fact. A jury makes an affirmative finding on the use of a deadly weapon when:

> (1) a special issue on the use or exhibition of a deadly weapon is answered affirmatively by the jury; or
>
> (2) the jury finds the defendant "guilty as charged in the indictment," and the indictment alleges that the defendant used a deadly weapon, or used a firearm, which is a deadly weapon per se.

*Polk v. State,* 693 S.W.2d 391, 396 (Tex.Crim. App.1985). The jury in this case found Appellant "guilty of murder, as charged in the indictment." The indictment alleged that Appellant "intentionally and knowingly caused the death of JEFFERY PEREZ, hereafter styled the Complainant, by SHOOTING THE COMPLAINANT WITH A DEADLY WEAPON, NAMELY A FIREARM."

■ Appellant maintains that a deadly weapon finding was never made in this case because the trial court did not *enter* a deadly weapon finding in the judgment. However, *entry* of a deadly weapon finding and *making* a deadly weapon finding are different acts. *See, Ex parte Poe,* 751 S.W.2d 873 (Tex. Crim.App.1988). A judgment may be reformed to reflect an affirmative finding which was made by a jury but not entered by the trial court. *Rische v. State,* 746 S.W.2d 287, 292 (Tex.App.—Houston [1st Dist.] 1988). The State requests that we reform the judgment to reflect the jury's affirmative finding of a deadly weapon.

■ Appellant maintains that we cannot reform the judgment in the manner the State suggests, because the recent Court of Criminal Appeals decision in *Hooks v. State,* 860 S.W.2d 110 (Tex.Crim.App.1993), has made the *entry* of an affirmative finding in the judgment discretionary with the trial judge. We do not agree. *Hooks* involved a plea bargain agreement, in which the *judge* was the trier of fact. *Hooks* relied on *Ex parte Lucke,* 742 S.W.2d 818 (Tex.App.—Houston [1st Dist.] 1987, no pet), in reaching its conclusion that Article 42.12 did not bar probation for the appellant because the trial court had not entered an affirmative finding in the judgment. *Lucke* also involved a case of a plea before the court, and held that "the trial court, as trier of fact, simply declined to enter the additional affirmative finding in the judgment." *Lucke* at 820.

In the case before this Court, the judge was **not** the trier of fact. Article 42.12 § 3g(a)(2) of the Code of Criminal Procedure makes it clear that when the trier of fact makes an affirmative finding, "the trial court shall enter the finding in the judgment of the court." *Hooks* does not indicate that reformation of a judgment is no longer a proper remedy when the court has failed to enter an affirmative finding made by a jury in accordance with *Polk v. State* (supra). Further, *Hooks* did not overrule or expressly restrict *Polk* or its progeny. If *Hooks* has made the entry of an affirmative finding discretionary, it has done so only in cases tried before the court. Accordingly, we reform the judgment to reflect the affirmative finding of a deadly

weapon made by the jury but not entered by the trial court. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed as reformed.