John SHUTE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–96–00629–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 10, 1997.

Ken J. McLean, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before MIRABAL, WILSON and NUCHIA, JJ.

---

## OPINION

MIRABAL, Justice.

The trial court found appellant, John Shute, guilty of attempted murder and sentenced him to twelve-years confinement. We affirm.

This case had been in the Texas courts for nearly a decade. Appellant was originally charged with attempted capital murder of a peace officer. After appellant waived a trial by jury, he pled not guilty, but stipulated that he "unlawfully, with intent to commit murder, attempt[ed] to cause the death of [the complainant], by intentionally shooting a gun in the direction of the Complainant." The sole issue before the trial court was whether complainant was a peace officer in the lawful discharge of his duties.

On May 22, 1986, the trial court found sufficient evidence to establish guilt as to attempted capital murder, but deferred any further findings until September 30, 1986 for a pre-sentence report. The trial court found appellant guilty of attempted capital murder and sentenced him to thirty-five years confinement on September 30, 1986. At that time, the following occurred:

State: We request an affirmative finding of a deadly weapon.

Court: The request will be denied.

On appeal, the Fourteenth Court of Appeals, in an unpublished opinion, reversed and ordered a judgment of acquittal, holding the evidence insufficient to show the complainant was a peace officer in the lawful discharge of an official duty. *Shute v. State*, No. C14–88–00630–CR, 1989 WL 14123 (Tex. App.—Houston [14th Dist.] February 23, 1989, pet. ref'd).

Subsequently, appellant was indicted for attempted murder of the same victim arising out of the same incident. The indictment read:

[Appellant], on or about December 16, 1983, did ... unlawfully, intentionally, with the specific intent to commit the offense of MURDER of [Complainant], ..., do an act, to wit: BY SHOOTING IN THE DIRECTION OF THE COMPLAINANT WITH A DEADLY WEAPON, NAMELY A FIREARM.

Appellant filed a pre-trial application for a writ of habeas corpus alleging the prosecution of the lesser included offense of attempted murder was barred by the Double Jeopardy Clause due to the previous appellate acquittal for attempted capital murder of a peace officer. The trial court denied appellant relief; however, the Fourteenth Court of Appeals reversed. *Shute v. State*, 812 S.W.2d 61 (Tex.App.—Houston [14th Dist.] 1991). The Court of Criminal Appeals vacated that judgment and remanded the case to the Fourteenth Court of Appeals in light of *Granger v. State*, 850 S.W.2d 513 (Tex.Crim.App.1993). On remand, the Fourteenth Court of Appeals affirmed the trial court's denial of habeas relief, and the Court of Criminal Appeals affirmed. *Shute v. State*, 858 S.W.2d 606, 607 (Tex.App.—Houston [14th Dist.] 1993), *aff'd*, 877 S.W.2d 314 (Tex.Crim.App.1994).

On April 29, 1996, appellant again appeared before the trial court, pled guilty to attempted murder and made the same stipulation as on May 22, 1986. However, the trial court held a hearing to determine whether it would make an affirmative deadly weapon finding. The trial court overruled appellant's argument that an affirmative deadly weapon finding was collaterally estopped, and made the affirmative finding. Appellant reserved the right to appeal that issue.

■ In his sole point of error, appellant argues that the trial court erred in making an affirmative deadly weapon finding on April 29, 1996, because such a finding was collaterally estopped by the trial court's denial of the same finding on September 30, 1986.

■ The principle of collateral estoppel means that "when an ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443–45, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970); *Dedrick v. State*, 623 S.W.2d 332, 334 (Tex.Crim.App.1981). As a general rule, when a trial court's judgment is reversed on

appeal, the trial court's judgment is no longer valid for purposes of collateral estoppel. *Lowery v. Estelle,* 696 F.2d 333, 340 (5th Cir.1983); *Garcia v. Garza,* 729 F.Supp. 553, 554 (S.D.Tex.1989). There is an exception when the fact finder or an appellate court determines that the prosecution has not proved its case; in that event, the defendant is protected from reprosecution to the extent of that acquittal. *Bullington v. Missouri,* 451 U.S. 430, 442–44, 101 S.Ct. 1852, 1860, 68 L.Ed.2d 270 (1981); *Lowery,* 696 F.2d at 340; *Garcia,* 729 F.Supp. at 554.

 The exception does not apply here because a trial court, in a trial to the bench, has complete discretion to refuse to make an affirmative deadly weapon finding, even though the State has met its burden of proof on the deadly weapon issue. *Campos v. State,* 927 S.W.2d 232, 236 (Tex.App.—Waco 1996, no pet.) (although defendant was indicted for use of a deadly weapon and pled nolo contendere to accusations, making of affirmative deadly weapon finding was matter for trial court's discretion); *Ex parte Lucke,* 742 S.W.2d 818, 820 (Tex.App.—Houston [1st Dist.] 1987, no pet.). In *Lucke,* this Court specifically held that a trial court is not required to make an affirmative deadly weapon finding, regardless of the evidence, reasoning:

> The fact that the offense to which appellant pleaded guilty requires the use of a deadly weapon does not affect the outcome. Appellant admitted his use of the weapon, so the State met its burden of proving all elements of the offense. The trial court, as trier of fact, however, simply declined to enter the additional affirmative finding in the judgment. [Therefore, the] argument that [defendant] was ineligible for probation is overruled.

742 S.W.2d at 820.

In the present case, the judge in the first trial specifically declined to make an affirmative deadly weapon finding, even though appellant stipulated he shot a gun and the State had, therefore, met its burden to prove defendant used a deadly weapon in the commission of the felony offense. Because the refusal of an affirmative deadly weapon finding was a matter of discretion for the first trial judge, unaffected by the fact the State had met its burden of proof, we hold that on retrial the new judge was not collaterally estopped from making an affirmative deadly weapon finding. *See Bullington,* 451 U.S. at 443–44, 101 S.Ct. at 1860–61.

Accordingly, we overrule appellant's sole point of error.

We affirm the judgment.