

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0261-09

**DELVETRA LASHERL JENNINGS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### HALE COUNTY

**KELLER, P.J., filed a concurring opinion.**

Relying upon a 1934 case and a 1940 case, the Court holds that "a trial judge need not attach a verdict form to the jury charge, but if he does so . . . . [t]he verdict form then becomes a part of the jury charge."[1] But the Court misunderstands the language in these cases and the historical practice they addressed. In both *Riley* and *Pieratt*, the body of the jury charge included instructions regarding

---

[1] Court's op. at 7, 7 n.15 (citing *Riley v. State*, 127 Tex. Crim. 267, 75 S.W.2d 880 (1934); *Pieratt v. State*, 141 Tex. Crim. 45, 146 S.W.2d 997 (1940)).

the form that the verdict should take.[2]  But, as was the practice then, the jury wrote out its own verdict on a separate piece of paper.[3]  The "suggested form" that was in the body of the jury charge was merely a guide for the jury.[4]  The jury was not supposed to write on it.[5]  It was not a "verdict form," as we know it today, in which the jury fills in the blanks, circles a "yes" or "no" option, or simply signs to acknowledge its verdict.  Other cases cited by the Court are in accordance with *Riley* and *Pierratt* regarding the use of such guides to the jury in writing its own verdict.[6]

Contrary to the implication in the Court's opinion, the issue before us was not even remotely considered in *Riley* or in *Pierratt*, much less decided.  And given that the "suggested form" in those cases was *actually* included within the body of the charge, those cases have little, if any, bearing on

---

[2]  *Riley*, 127 Tex. Crim. at 268-69, 75 S.W.2d at 880-81; *Pieratt*, 141 Tex. Crim. at 48-49, 146 S.W.2d at 999.

[3]  *Riley*, 127 Tex. Crim. at 268, 75 S.W.2d at 881 ("Comparison demonstrates that the verdict rendered by the jury literally followed the *suggested form* contained in the charge.")(emphasis added); *Pieratt*, 141 Tex. Crim. at 48, 146 S.W.2d at 999 ("The court prepared his charge in which he gave to the jury two forms of a verdict which they might use as *a guide in writing their verdict* according to their finding . . . .[T]he jurors . . . wrote their verdict upon *a separate slip of paper* and returned it into court together with the charge.")(emphasis added).

[4]  *See* this opinion, footnote 3.

[5]  *See Pieratt*, 141 Tex. Crim. at 48-49, 146 S.W.2d at 999 (discussing, as an irregularity, the fact that someone had filled "$50.00" in the blank provided in a "form of the verdict" contained in the jury charge).

[6]  *See Williams v. State*, 24 Tex. Ct. App. 637, 667, 7 S.W. 333, 336 (1888) (the trial court's charge "*prescribes* the *forms of verdicts* of guilty of murder in the first and second degrees, but omits to prescribe any form for a verdict of guilty of manslaughter, or for a verdict of not guilty. In this respect the charge is imperfect, but perhaps not materially so. It is not essential to the sufficiency of the charge that it should *instruct the jury in the forms of verdicts which may be rendered by them*, though it is very proper, we think, to do so")(emphasis added); *Oates v. State*, 51 Tex. Crim. 449, 454-55 (1907)("There is another exception to the charge to the effect that it prescribes only *a form of verdict* for murder in the first degree, and omits to give *any form with reference to* acquittal or for any minor offense.  In this respect the charge is imperfect. While it may not be materially so, yet it should be avoided upon another trial.")(emphasis added);

the question of whether the verdict forms that were attached to the charge in this case should be considered part of the charge.

But even if I were to assume that verdict forms are part of the jury charge, there is another problem with the Court's opinion. The Court discusses at great length an issue upon which we did not grant review, namely, whether the charge in this case was erroneous. The Court seems to believe that this issue was decided in *Oates* and *Williams*, because it cites to those cases for the proposition that it is error to submit a verdict form that omits any "guilty" or "not guilty" option that is available to the jury.[7] This citation is misleading for three reasons. First, these cases did not include modern-day verdict forms[8] and so, like *Riley* and *Pierratt*, they are not on point. Second, in each case the charge failed to prescribe a form for a verdict of "not guilty"of any offense at all, including the charged offense.[9] Third, the question of what options *are* available to the jury is at the heart of the State's contention that there was no error in this case. The Court's analysis totally ignores the State's arguments regarding this issue.

There is nothing, nothing, nothing, in the statutes that says that a not-guilty verdict option must be provided for lesser offenses. Nevertheless, the Court quotes from article 37.07, which deals not with lesser-included offenses, but with multi-count indictments and consolidated offenses. After quoting the statute, the Court says, "Thus, the trial judge is required to instruct the jury that it may return either a 'guilty' or 'not guilty' verdict to all counts of the charged offenses *and to any lesser-*

---

[7] Court's op. at 7, 7 n.17 (citing *Oates v. State*, 103 S.W. 859 (Tex. Crim. App. 1907); *Williams v. State*, 7 S.W. 333 (Tex. Crim. App. 1888)).

[8] *See* this opinion, footnote 6.

[9] *See id.*

*included offenses that are submitted to the jury.*"[10] But "thus" is not a magic wand, and waving it at article 37.07 does not turn it into a statute about lesser-included offenses. The Court has badly misconstrued the cases it cites and the statutes it relies upon.

In footnote 29, the Court suggests that the State agreed at oral argument that there was error in the verdict form and that a not guilty option must be submitted for each lesser-included offense submitted to the jury. Of course, a concession by the State does not bind this Court on issues of law.[11]

But in any event, I think the Court misinterprets the State's oral argument. Even at oral argument, the State proceeded to argue, based on the language of article 37.08 of the Code of Criminal Procedure and on federal due-process cases, that there was no error in the jury charge. When asked whether that argument defied logic, the State's attorney replied that he did not think so because "if you find someone not guilty of the greater offense then that takes care of everything." Judge Keasler then commented that the jury charge usually instructs the jury that if it does not believe or has a reasonable doubt with respect to the primary offense, then it will acquit the defendant of the primary offense and "next consider" whether he is guilty of the lesser-included offense. So, Judge Keasler explained, an acquittal of the primary offense occurs before the lesser-included offense is considered. At that point, the State's attorney replied, "Ok, explained that way, that makes sense to me. I guess I should move on and talk about whether, if that is an error, whether it would create egregious harm, and I don't think it does." Judge Womack then asked whether the court of appeals addressed egregious harm, the State replied that it had not, and both agreed that

---

[10] Emphasis added.

[11] *Long v. State*, 931 S.W.2d 285, 289 (Tex. Crim. App. 1996).

there was nothing to review. Judge Keasler then said, "So they didn't consider whether there is error, and so, it would probably be – wouldn't it be appropriate for us to send it back and say, 'Address whether or not there is error, and if there is error whether or not there is egregious harm.'" The State's attorney replied, "I think that would be entirely appropriate." Judge Cochran then responded, "We have everyone in agreement."

So, what "everyone agreed" to was not that there was error, but that *Almanza* applied to jury verdict forms, that the court of appeals had not addressed whether there was error in the charge, that the court had not addressed the issue of egregious harm, and that a remand for the court of appeals to address those issues would be appropriate. Contrary to this consensus, however, the Court has taken upon itself the task of deciding error when it has not yet been decided below.

The State's acknowledgment that Judge Keaslser's explanation (about an acquittal of the lesser-included offense occurring first) "makes sense" is not a concession that there was error in this case. But even if it were viewed as such, those statements do not mean that the State was conceding that a "not guilty" option must be offered for every offense submitted in the charge. In fact, Judge Keasler discussed a different method of submitting offenses, in which verdict forms for guilty for the greater offense and lesser-included offenses are submitted along with a general "not guilty" verdict form submitted at the end: "Normally, at the bottom, whatever the last one of them is you would have, "We the jury find the defendant 'not guilty' period – is the final one that almost universally is really used." The State's attorney agreed with this statement and said, "And the substantive part of the [jury charge] says not guilty of any offense. And I think a verdict form stating that would be appropriate as well." But this "almost universal" method of submitting verdict forms would be prohibited under the Court's discussion of error.

The court of appeals did not address the issue of error because it held that appellant failed to preserve her jury-charge complaint for appeal. This Court is returning the case to the court of appeals anyway. Rather than discuss a contested issue that is not before us, I would simply remand for a determination of whether there is error and, if necessary, for a harm analysis under *Almanza*.

Filed: January 27, 2010
Publish